JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Kenneth Sredniawa, appeals from the judgment of the Common Pleas Court granting the motion for partial summary judgment of plaintiff-appellee, Alice Sredniawa. For the reasons that follow, we affirm.
 {¶ 2} In December 2000, after they had divorced, Kenneth and Alice, as grantors, established the Sredniawa Family Trust (the "Trust") and were named as its co-trustees. The Trust named their children, Stephanie A. Sredniawa and Louis R. Sredniawa, as beneficiaries of the Trust.
 {¶ 3} In January 2001, Kenneth's father quitclaimed real estate to the Trust from his own trust. Two years later, Kenneth filed a deed transferring ownership of this property from the Trust to himself, individually. As stipulated by the parties, Kenneth did so without consulting Alice or obtaining her permission to file the deed.
 {¶ 4} Alice subsequently filed a complaint for declaratory judgment declaring the rights and interests of the parties relative to said real estate. Thereafter, Kenneth filed a motion for summary judgment and Alice filed a motion for partial summary judgment.
 {¶ 5} The trial court denied Kenneth's motion and granted Alice's motion, finding that "the transferring of this property from the Trust to defendant violated the fiduciary duties to the Trust."
 {¶ 6} The parties subsequently settled the case, contingent upon this court's ruling regarding Kenneth's appeal.
 {¶ 7} In his first assignment of error, Kenneth argues that the trial court erred in denying his motion for summary judgment. In his second assignment of error, Kenneth argues that the trial court erred in granting Alice's motion for partial summary judgment. We consider these assignments of error together as they are obviously related.
 {¶ 8} Civ.R. 56(C) provides that summary judgment is appropriate when: 1) there is no genuine issue of material fact, 2) the moving party is entitled to judgment as a matter of law, and 3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. Zivich v.Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370;Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. We review the trial court's judgment de novo using the same standard that the trial court applies under Civ.R. 56(C). Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105.
 {¶ 9} Section 6.06(b) of the Trust provides that a Trustee may "sell or exchange at public or private sale, lease, pledge, mortgage, donate, abandon or otherwise dispose of, deal with, or encumber (for any period of time, whether or not ending during the term of the Trust), any real or personal property comprising part of the Trust estate."
 {¶ 10} Section 6.28 of the Trust, captioned "Power of Co-Trustees to Act Independently," provides:
 {¶ 11} "Notwithstanding any other provision to the contrary, the Grantors specifically authorize either of the original co-trustees, during their joint lives and while serving as co-trustees, to act independently of the other and have the authority to perform all powers and acts as granted under this Declaration of Trust, and shall include the right to contract for and in behalf of the Trust and to execute, negotiate, and compromise such instruments as may be necessary to carry out the purposes and intents of this Trust."
 {¶ 12} Kenneth argues that these two sections, read together, indicate that his transfer of the property from the Trust to himself, without Alice's permission, was proper and within the scope of authority granted to him by the Trust because the Trust provides that either trustee may act independently of the other and, in so doing, has the power to dispose of Trust assets in any manner he or she desires.
 {¶ 13} Kenneth's preposterous argument totally ignores the basic fiduciary duties that a trustee owes to the beneficiaries of the trust. "The duties and responsibilities owed by a trustee to the trust beneficiaries are well established. These duties generally include the duty to be loyal to the trust beneficiaries; to keep and render clear and accurate accounts with respect to the administration of the trust; to keep trust property separate and not commingle it with the trustee's personal property; to make the trust property productive; to pay income to the trust beneficiaries at reasonable intervals; and, finally, to account and pay over the corpus on termination of the trust." Homer v. Wullenweber (1951), 89 Ohio App. 255, 259.
 {¶ 14} "Trustees are * * * bound by the obligations inherent in a fiduciary relationship, which is `one in which special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust.'" In reTestamentary Trusteeship of Cheek, Montgomery App. No. 19513, 2003-Ohio-2515, at ¶ 27, quoting Stone v. Davis (1981),66 Ohio St.2d 74, 78. As a fiduciary, a trustee is ordinarily completely prohibited from any self-dealing with trust property. In reBinder's Estate (1940), 137 Ohio St. 26, 37. Thus, as the Ohio Supreme Court has unambiguously stated:
 {¶ 15} "A trustee who takes and holds title to trust properties in his own name, without a declaration of trust, or other clear evidence that * * * [the properties are] held in his trust capacity for the exclusive use of the beneficial owner, is chargeable, in equity, with a breach of trust. * * * The law is jealous to see that a trustee shall not engage in double dealing to his own advantage and profit. * * * The connotation of the word and name `trustee' carries the idea of a confidential relationship calling for scrupulous integrity and fair dealing." Id. at 37-38.
 {¶ 16} Kenneth's attempts to distinguish Binder from this case are unavailing: the law is clear that self-dealing by a trustee constitutes a breach of that trustee's fiduciary duty. And what could be more "self-dealing" than the unilateral transfer by a trustee of trust property to himself, with no notice to the co-trustee and no compensation to the trust for the value of the property transferred?
 {¶ 17} Although Section 6.06(b) of the Trust grants the trustees the power to "dispose of" trust assets, Kenneth's argument that Section 6.28 of the Trust gives him authority to unilaterally transfer Trust property to himself is totally absurd. Section 6.28 states that a trustee may act independently on behalf of the Trust "to carry out the purposes and intents of this Trust." Our review of the Trust indicates that there is no provision anywhere in the Trust even remotely suggesting that a purpose of the Trust is to provide Trust property to the trustees in their individual capacities. We read Section 6.28 as nothing more than a standard clause that is intended to eliminate a presumption that both trustees must sign all documents in order to make them valid instruments of the Trust.
 {¶ 18} Kenneth also argues, for the first time on appeal, that his transfer of Trust property to himself was valid because Section 1.01(b) of the Trust gives the grantors, of which he was one, the right "to add or withdraw, at any time, assets, whether personal, real or mixed," to or from the Trust. Kenneth did not raise this argument below, however, and therefore has waived it for purposes of appeal.
 {¶ 19} Moreover, in his brief in support of his motion for summary judgment, Kenneth stated repeatedly that he was acting in his capacity as a trustee in transferring the property to himself. For example, Kenneth stated, "on or about April 30, 2003, * * * the Defendant, pursuant to the powers accorded himas a Co-Trustee in Section 6.28 of the Sredniawa Family Trust,
transferred the property through a Trustee's Deed from the [Sredniawa Family Trust] to the Defendant, individually." (Emphasis added). Later in his brief, citing Sections 6.06(b) and 6.28 of the Trust, Kenneth argued that "these two provisions of the Sredniawa Family Trust clearly show that the property transfer by the Defendant was proper and was within the scope ofauthority granted the Defendant as a Trustee of the [Sredniawa Family Trust]." (Emphasis added). He argued further that "the property transfer by the Defendant was a legally permissible transfer pursuant to the powers accorded him as a Co-Trustee of the Sredniawa Family Trust." (Emphasis added).
 {¶ 20} Likewise, our review of the record indicates that Kenneth was acting as a trustee, not a grantor, in transferring the property to himself. The record reflects that Kenneth filed a "Trustee's Deed" with the Cuyahoga County Recorder's Office, along with an "Affidavit of Trustee and Memorandum of Trust." Paragraph 4 of the Memorandum of Trust, signed by "Kenneth Sredniawa, Trustee," stated that the transfer was valid pursuant to the trustees' authority "to sell * * * abandon or otherwise dispose of * * * any real or personal property comprising part of the Trust estate." Paragraph 5 of the memorandum referenced Section 6.28 of the Trust regarding each co-trustee's authority to act independently of the other.
 {¶ 21} In light of this record, and Kenneth's failure to raise this argument below, we find no merit to Kenneth's argument that transfer of the property to himself was valid pursuant to his authority as grantor.
 {¶ 22} It is apparent that Kenneth's self-dealing act in unilaterally transferring Trust property to his individual ownership violated his fiduciary duties to the Trust. Accordingly, the trial court did not err in granting Alice's motion for summary judgment and denying Kenneth's motion.
 {¶ 23} Appellant's first and second assignments of error are overruled.
 {¶ 24} In his third assignment of error, Kenneth argues that the trial court erred in denying his motion for summary judgment because Alice failed to join Stephanie and Louis, beneficiaries of the trust, as necessary parties to the lawsuit. Kenneth asserted the defense of failure to join indispensable parties in his answer to Alice's complaint. In addition, in his motion for summary judgment, he moved the court to either grant summary judgment in his favor, or to dismiss Alice's complaint, in light of her failure to join the trust beneficiaries as parties.
 {¶ 25} Civ.R. 19 provides in part:
 {¶ 26} "A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (a) as a practical matter impair or impede his ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of his claimed interest, or (3) he has an interest relating to the subject of the action as an assignor, assignee, subroger, or subrogee. If he has not been so joined, the court shall order that he be made a party upon timely assertion of the defense of failure to join a party as provided in Rule 12(B)(7)."
 {¶ 27} Likewise, R.C. 2721.12 provides that "when declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration."
 {¶ 28} Despite the fact that Stephanie and Louis are designated as beneficiaries of the Trust, we find that they are not necessary parties to this action for declaratory judgment. The Trust created by Alice and Kenneth is an inter vivos revocable trust. As specified in Section 1.01 of the Trust, as grantors of the Trust, Alice and Kenneth have the right to add or withdraw assets from the Trust or even to fully revoke the Trust at any time. Accordingly, although Stephanie and Louis have an interest in the Trust, that interest is subject to complete defeasance. In other words, they may get nothing — and cannot object if that happens. Because the Trust assets may rightfully be disposed of at any time or the Trust itself revoked, Stephanie and Louis have no real interest in the Trust to protect. Accordingly, we hold that under the facts of this case, they are not necessary parties to this action.
Affirmed.
It is ordered that appellee recover from appellant costs herein.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate be sent to the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Colleen Conway Cooney, P.J., and Mary Eileen Kilbane, J.,concur.