[Cite as *State v. Norman*, 2011-Ohio-596.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2010-CA-22 |
| PHILLIP NORMAN | : |  |
|  | : |  |
| Defendant-Appellant | : |  |
|  | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal appeal from the Cambridge
Municipal Court, Case Nos. 09CRB01022
and 09CRB01030

JUDGMENT:      Dismissed

DATE OF JUDGMENT ENTRY:      February 9, 2011

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

WILLIAM FERGUSON      LINDSEY K. DONEHUE
150 Highland Avenue      1009 Steubenville Avenue
Cambridge, OH 43725      Cambridge, OH  43725

*Gwin, P.J.*

{¶1} Defendant-appellant Phillip Norman appeals the Judgment of the Cambridge Municipal Court finding him guilty of one count of Possession of Marijuana (less than 100 grams) and one count of Possession of Drug Paraphernalia. Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE CASE AND FACTS

{¶2} On July 21, 2009, Guernsey County Narcotics Investigator Sam Williams sought and received a search warrant that was signed by Acting Judge William M. Bennett. In support of the request for the search warrant, Detective Williams executed an affidavit. The affidavit was attached and incorporated as Exhibit "A" into the search warrant. The request for a warrant was granted by Judge Bennett.

{¶3} In the affidavit, Detective Williams set for the following information that was relied upon by Judge Bennett in issuing the warrant:

{¶4} 1). the affiant is a narcotics investigator for the Guernsey County Sheriff's Department;

{¶5} 2). the affiant had received complaints of possible drug activity at 313 South 2nd Street, Byesville, Ohio;

{¶6} 3). the complaint included license plate numbers and vehicle descriptions;

{¶7} 4). the complaint indicated that multiple vehicles would regularly pull up to the rear entrance to the home and stayed not more than ten (10) minutes;

{¶8} 5). the affiant received complaints from individuals having observed money and drugs change hands between appellant and other individuals in the back yard;

**{¶9}** 6). the affiant conducted surveillance of the residence and personally observed individuals who had been convicted of drug related crimes at the residence. The affiant specified names of these individuals in the affidavit;

**{¶10}** 7). the affiant indicated that appellant has a lengthy history of illegal drug activity;

**{¶11}** 8). a confidential informant who was scheduled to make a controlled drug buy at the residence had contacted the affiant;

**{¶12}** 9). the informant was being sent into the residence with marked money with the intention of purchasing marijuana;

**{¶13}** In addition, Detective Williams worked for several years as a member of the Byesville Police Department and had personal knowledge of appellant's history of drug abuse from his employment at that police department.

**{¶14}** Detective Williams had used the informant in question on previous drug buys. He had always been reliable and Detective Williams indicated that he had no reason to doubt that the information being provided was accurate.

**{¶15}** Detective Williams placed a recording device on the confidential informant, gave him one hundred seventy-five ($175.00) dollars in marked drug-buy money, and sent him to 313 South 2nd Street, Byesville, Ohio.

**{¶16}** The informant returned from the residence and presented Detective Williams with a clear plastic baggie that appeared to contain crack cocaine. The informant told Detective Williams that the material contained in the baggie was crack cocaine. Detective Williams did not have a chemical kit available with him to test the substance to confirm crack cocaine prior to entering the residence.

{¶17} Based upon the information obtained, deputies of the Guernsey County Sheriff's Department executed the search warrant on the residence. As a result of the execution of the warrant, a number of items consistent with illegal drug activity were located, and those items included small amounts of marijuana, marijuana joints and roaches, hemostats, rolling papers, prescription pill bottles with various names on the bottles various prescription pill bottles with labels removed, and various miscellaneous pills.

{¶18} During subsequent interrogation, appellant admitted that the marijuana and some of the drug paraphernalia items belonged to him and admitted that several of the pills were not prescribed to him and that several empty pill bottles that did not belong to him were among the items located at the home.

{¶19} Based upon the totality of the circumstances, appellant was charged with possession of marijuana, possession of drug paraphernalia, and possession of dangerous drugs.

{¶20} Appellant filed a motion to suppress evidence based upon alleged deficiencies in the search warrant. On November 16, 2009, the trial court held a hearing on the Motion to Suppress. Detective Williams was the only witness that testified.

{¶21} At the hearing, Detective Williams testified that when the informant returned to him he did not listen to the tape recorder before executing the warrant. He also stated that when the officers finally listened to the tape the recorder turned off after approximately five seconds of recording and there were no details of the alleged

transaction.  Detective Williams also testified that the informant brought him a plastic baggy containing a substance that resembled the drug crack, but when it was tested it was revealed to be soap.  Detective Williams testified that even though he was familiar with a NIK kit and generally had kits available for use, he did not test the substance before executing the warrant.

{¶22} Detective Williams also testified during the suppression hearing that he relied upon appellant's CCH report to prepare the affidavit upon which the search warrant was based.  He attested that appellant has a "lengthy history of illegal drug activity."  However, during examination Detective Williams admitted that in truth there was only one drug related offense, which was a drug trafficking charge almost twenty-five years ago in 1995.  Additionally, Detective Williams stated in his affidavit that appellant was convicted of Having Weapons under Disability.  However, appellant was actually convicted of a first-degree misdemeanor charge of Improper Handling of Weapons.  Detective Williams admitted that according to the CCH report, appellant does not have a "lengthy history of illegal drug activity."  During cross-examination, Detective Williams testified that it was his own personal knowledge that appellant had a history of drug charges.

{¶23} At the conclusion of the testimony, the trial court took the matter under advisement.  On February 24, 2010, the trial court denied appellant's motion to suppress and set trial for April 5, 2010.

{¶24} Trial commenced on April 5, 2010.  Again, Detective Williams was the only witness to testify.  The trial court announced the verdict from the bench and found appellant guilty of possession of marijuana and possession of drug paraphernalia, but

not guilty of possession of dangerous drugs. On the possession of drug paraphernalia conviction, the trial court sentenced appellant to serve 30 days in the county jail and suspended appellant's driver's license for 12 months. On the possession of marijuana conviction, the trial court sentenced appellant to pay a fine in the sum of $150.00. Appellant's trial counsel moved to stay the execution of sentence pending this appeal and the motion was granted.

{¶25} On April 20, 2010, appellate Counsel Andrew Warhola filed a timely Notice of Appeal, Docketing Statement, and Request for the transcript of the trial to be prepared at the State's expense. On July 16, 2010, the trial court Granted Attorney Warhola's Motion to Withdraw and appointed Attorney Lindsey K. Donehue to continue the Appeal.

{¶26} Appellant has timely appealed raising the following assignment of error for our consideration.

{¶27} "I. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS THE EVIDENCE SEIZED AND OBTAINED FROM THE INVALID SEARCH WARRANT BECAUSE THE SEARCH WARRANT WAS BASED ON AN AFFIDAVIT THAT WAS MADE WITH RECKLESS DISREGARD FOR THE TRUTH AND THE SEARCH WARRANT SHOULD NOT HAVE BEEN EXECUTED BECAUSE THE LIMITED CIRCUMSTANCES UNDER WHICH IT WAS GRANTED DID NOT OCCUR."

I.

{¶28} The appellant's brief and assignment of error are identical to those filed in Guernsey App. No. 2010-CA-021. However, the above-captioned case was filed as

separate appeal from appellant's conviction in the Cambridge Municipal Court.  See, *State v. Norman*, Guernsey App. No. 10-21.  The appeal in that case was originally dismissed on July 22, 2010, because appellant failed to timely file his brief.  As a result, the trial court revoked the stay of execution of sentence that had been granted to appellant pending appeal.  Appellant filed a Notice of Appeal from that decision in Case No. 2010- CA-22.  However, this Court reinstated appellant's direct appeal.  The trial court thereafter reinstated the stay of execution of sentence.

**{¶29}** We note that appellant has failed to properly brief the issues contemplated by his separate appeal in the above-captioned case.  App.R. 16(A)(7) states that an appellant shall include in his brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contention, with citations to the authorities, statutes and parts of the record on which appellant relies."  In this case, appellant has wholly failed to present any specific argument concerning each of the hearsay exceptions he contends apply to his out-of-court statements.  "It is the duty of the appellant, not this court, to demonstrate [his] assigned error through an argument that is supported by citations to legal authority and facts in the record."  *State v. Taylor* (Feb. 9, 1999), 9th Dist. No. 2783-M, at *3.  See, also, App.R. 16(A) (7).  "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal."  *Kremer v. Cox* (1996), 114 Ohio App.3d 41, 60.

**{¶30}** In light of our disposition of appellant's direct appeal in Guernsey App. No. 2010-CA-21, we dismiss the above-captioned case as moot.

**{¶31}** The appeal from the judgment of the Cambridge Municipal Court is dismissed.

**{¶32}** For the foregoing reasons, the appeal of the judgment of the Cambridge Municipal Court, Guernsey County, Ohio, is hereby dismissed.

By Gwin, P.J.,

Wise, J., and

Delaney, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. PATRICIA A. DELANEY

WSG:clw 0128

[Cite as *State v. Norman*, 2011-Ohio-596.]

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| PHILLIP NORMAN | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2010-CA-22 |

For the reasons stated in our accompanying Memorandum-Opinion, the appeal of the judgment of the Cambridge Municipal Court, Guernsey County, Ohio, is hereby dismissed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. PATRICIA A. DELANEY