[Cite as *Ogle v. Trustee of Ogle Irrevocable Trust*, 2024-Ohio-2280.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| CHARLES R. OGLE | JUDGES: |
| | Hon. Andrew J. King, P.J. |
| Plaintiff-Appellant | Hon. John W. Wise, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2023 CA 00046 |
| TRUSTEE of the CHARLES R. OGLE IRREVOCABLE TRUST DATED 10/21/2014, aka MICHELE R. MYERS, et al. | |
| | O P I N I O N |
| Defendants-Appellees | |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Probate Division, Case No. 2022-0001 A |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | June 13, 2024 |

APPEARANCES:

For Plaintiff-Appellant

CHARLES R. OGLE
11575 Donaldson Road
Rockbridge, Ohio 43149

For Intervening Def.-Appellee Davenport

RYAN J. SHEPLER
9 East Second Street
Logan, Ohio 43138

For Defendant-Appellee Trustee Myers

CHARLES M. ELSEA
MICKELLEA M. TENNIS
109 North Broad Street, Suite 200
P. O. Box 130
Lancaster, Ohio 43130

*Wise, J.*

{¶1}     Appellant Charles R. Ogle appeals the August 3, 2022, decision of the Court of Common Pleas, Probate Division, Fairfield County, enforcing the settlement agreement of the parties.

{¶2}     Appellees are Michele R. Myers, Trustee of the Charles R. Ogle Irrevocable Trust dated 10/21/2014 and Melissa Davenport.

### STATEMENT OF THE FACTS AND CASE

{¶3}     This action arises from a settlement agreement between Appellant Charles R. Ogle and Appellees Michele R. Myers and Melissa Davenport.

{¶4}     For purposes of this appeal, the relevant facts and procedural history are as follows:

{¶5}     On or about November 7, 2020, Decedent Charles E. Ogle died in Fairfield County, Ohio, leaving behind his three children, Charles R. Ogle, Michele R. Myers, and Melissa S. Davenport. Prior to his death, the Decedent had established the Charles E. Ogle Irrevocable Trust dated 10/21/2014, wherein his three children were named equal beneficiaries, and Myers was named Trustee and the primary fiduciary in the accompanying estate planning documents. The primary asset of the Trust was a family farm.

{¶6}     On January 10, 2022, Plaintiff-Appellant, Charles R. Ogle, filed a Complaint in the Fairfield County Court of Common Pleas, Probate Division, against Michele R. Myers, Trustee of the Charles E. Ogle Irrevocable Trust Dated 10/21/2014, asserting (1) breach of fiduciary duties, and (2) declaratory relief regarding certain personal property, alleging that the Trustee wrongfully possessed and/or dispossessed the following items

(a) a .30-06 Browning rifle with a 3x9 adjustable Weaver scope, (b) certain cattle trophies and banners, (c) a family heirloom farm bell sold by the Trustee, and (d) a .357 Magnum handgun allegedly owned by Melissa Davenport.

**{¶7}** On February 8, 2022, Defendant-Appellee Myers filed an Answer and Counterclaim. In her Counterclaim, Myers alleged that Ogle had engaged in an intentional, concerted scheme to use litigation and bullying tactics to force her to, among/other things, distribute farm property held in Trust to him *in kind*. The Counterclaim identified various contested matters relating to the parties' father's Estate and Trust in multiple courts over multiple counties. Myers sought a judicial declaration that she had faithfully and lawfully administered the Trust and an Order relieving her of her fiduciary duties; the Counterclairn also sought authorization to assess litigation counsel attorneys' fees against Plaintiffs interest in the Trust.

**{¶8}** On May 4, 2022, the parties all convened at the Fairfield County Probate Court for a status conference to discuss the remaining issues in the Trust administration. After an hour-long recess during which Ogle and Myers' counsel conferred, the parties reached and signed a binding settlement agreement establishing a course of resolution for complete administration of the Trust. The Settlement Agreement was attached to an Entry entered into the Record, and the terms were reviewed and discussed on the record before the court. The court was satisfied that the Settlement Agreement's terms were reached willingly, voluntarily, and intelligently, and that the terms were comprehensive, unambiguous, and understood by all of the parties. (See August 3, 2022, Judgment Entry Enforcing Settlement).

{¶9}    Item six of the Settlement Agreement required the parties to enter a consent judgment which, among other things, dismissed Counts One and Two of the Complaint and granted Judgment to Myers on her Counterclaim, with certain provisions included there. Counsel for the Trustee represented to the court at the hearing on May 4 that said judgment entry would be submitted "in the next week or two".

{¶10} No consent judgment entry was filed. Instead, on June 24, 2022, Melissa Davenport, the sister of Plaintiff-Appellant and Defendant-Appellee Myers and the third of the three beneficiaries of the subject Trust, moved to intervene as a Defendant, and Davenport and Myers filed a Joint Motion to Enforce Settlement.

{¶11} On August 3, 2022, the trial court filed its Judgment Entry Enforcing Settlement, wherein it stated:

3.    On May 4, 2022, the Court held a status conference, at which time a settlement agreement was presented to the Court (the "Settlement Agreement"). The Settlement Agreement was attached to an Entry entered into the Record, and the terms were reviewed and discussed on the record before the Court. The Entry remains of record in this case, and the Settlement Agreement's terms need not be repeated in full here. The Court was satisfied that the Settlement Agreement's terms were reached willingly, voluntarily, and intelligently. The Court was also satisfied that the Settlement Agreement's terms were comprehensive, unambiguous, and understood by all parties.

{¶12}  (August 3, 2022, JE at 2).

{¶13} The trial court then went on to order the following:

7. To effectuate the Settlement Agreement of the parties, specifically with respect to Item 1, the Court hereby ORDERS the Trustee to make a partial distribution to the beneficiaries in the amount of $300,000 within forty-five days of the date of this Judgment.

8. To effectuate the Settlement Agreement of the parties, specifically with respect to Items 2 and 3, the Court hereby authorizes the Trustee to liquidate and sell the guns held by the Trustee, or distribute them in kind, or otherwise administer them in accordance with the terms of the Trust, including but not limited to, the .30-06 Browning rifle which was the subject of the Plaintiff's Complaint, and add the proceeds of sale, if sold, to the corpus of the Trust and account for the same. This Order does not prevent the parties from otherwise reaching an agreement between them with respect to the ultimate distribution, including in kind, of the guns.

9. To effectuate the Settlement Agreement of the parties, specifically with respect to Items 4 and 5, the Court hereby ORDERS the Trustee to sell, dispose, or otherwise distribute any other personal property as outlined in the Settlement Agreement

10. To effectuate the Settlement Agreement of the parties, specifically with respect to Item 6, the Court hereby:

a. DISMISSES WITH PREJUDICE Counts One and Two of the Complaint

b. GRANTS JUDGMENT to Defendant/Counterclaimant Michele Myers, Trustee, and by the agreement of the parties makes the following findings and declarations

i. Any claims or causes of action relating to any action or inaction on the part of Michele Myers, Trustee, prior to May 4, 2022 are hereby adjudicated on the merits and forever barred;

ii. This Court will continue} to retain jurisdiction solely to enforce the settlement of the parties;

iii. Within forty-five days of this Judgement Entry, the Trustee will tender a provisional final account to the beneficiaries, and the beneficiaries will have thirty days thereafter to enter objections thereto, and if none are tendered or are thereafter determined to be without merit, the Probate Court will enter a final judgment terminating the Trust and releasing and forever discharging the Trustee

c. ORDERS that all litigation expenses, costs, and attorneys' fees accrued by the Trustee prior to May 4, 2022 will be charged to the Trust as a whole.

d. ORDERS that litigation expenses, including attorneys' fees, after May 4, 2022, will be charged to the non-prevailing party and chargeable to their individual share of the Trust

11. The parties have stipulated that Ogle has satisfied the requirements of Item 7 of the Settlement Agreement.

12. To effectuate the Settlement Agreement of the parties, specifically with respect to Items 8 and 9, the Court hereby ORDERS the parties to submit with a final discharging judgment executed agreements in accordance with those provisions. Should the parties fail to do so, the Court will adopt reasonable and standard language to effectuate the clear intent of the parties

{¶14} (August 3, 2022, JE at 2-4).

{¶15} On April 21, 2023, a final account was filed with the Probate Court.

{¶16} On May 30, 2023, Appellant filed objections to the final account.

{¶17} On June 3, 2023, Appellant filed a Motion to Compel Trustee to Produce Legal Fees Billing Statements.

{¶18} On July 18, 2023, Appellee Myers moved the Probate Court to approve the Final Account and for an order discharging her as Trustee.

{¶19} On August 1, 2023, Appellant filed a memorandum in opposition.

{¶20} The trial court set the Motions and Objections for hearing to be heard on September 27, 2023.

{¶21} On September 27, 2023, the trial court filed an entry approving the Final Account and denying Appellant's motions.

{¶22} On October 18, 2023, a formal entry, prepared at the request of the trial court, was adopted by the court and filed.

{¶23} On October 19, 2023, Appellant filed objections to the hearing.

{¶24} Appellant now appeals, assigning the following errors for review:

**ASSIGNMENTS OF ERROR**

{¶25} "I. THE TRIAL COURT ERRED IN "ENFORCING SETTLEMENT" (AUGUST 3, 2023 JUDGMENT ENTRY ENFORCING SETTLEMENT), WHEN THE MAY 4, 2022 "RESOLUTION" DRAFTED BY TRUSTEE'S ATTORNEY, WAS NOT AN ENFORCEABLE "SETTLEMENT AGREEMENT".

{¶26} "II. THE TRIAL COURT ERRED IN GRANTING TRUSTEE'S JOINT MOTION TO ENFORCE SETTLEMENT (AUGUST 3, 2023 JUDGMENT ENTRY ENFORCING SETTLEMENT), CONTRARY TO PLAINTIFF'S OPPOSITION TO JOINT MOTION TO ENFORCE SETTLEMENT AGREEMENT AND REQUEST FOR MEDIATION WITH ATTACHED AFFIDAVIT, WITHOUT FIRST CONDUCTING AN EVIDENTIARY HEARING REGARDING DISPUTED MEANING OF LANGUAGE, AND MISREPRESENTATION OF TRUSTEE'S COUNSEL SET FORTH IN PLAINTIFF'S OPPOSITION.

{¶27} "III. THE TRIAL COURT ERRED IN "AUTHORIZ[ING]" IN ITS AUGUST 3, 2023 JUDGMENT ENTRY ENFORCING SETTLEMENT, TRUSTEE TO "SELL" CHARLES R. OGLE'S ".30-06 BROWNING RIFLE".

{¶28} "IV. THE TRIAL COURT ERRED IN ORDERING IN ITS AUGUST 3, 2023 JUDGMENT ENTRY ENFORCING SETTLEMENT, THAT "LITIGATION EXPENSES, INCLUDING ATTORNEYS' FEES, AFTER MAY 4, 2022", "BE CHARGED" AGAINST CHARLES R. OGLE'S "INDIVIDUAL SHARE OF THE TRUST".

{¶29} "V. THE TRIAL COURT ERRED IN FAILING TO APPOINT A MEDIATOR REQUESTED BY CHARLES R. OGLE IN HIS PLAINTIFF'S OPPOSITION TO JOINT

MOTION TO ENFORCE SETTLEMENT AGREEMENT AND REQUEST FOR MEDIATION.

**{¶30}** "VI. THE TRIAL COURT ERRED IN STATING AND FILING OF RECORD AS TRUE, THAT "SHEPLER FOR MELISSA DAVENPORT" WAS "PRESENT" AT THE SEPTEMBER 27, 2023 HEARING ON TRUSTEE'S MOTION FOR APPROVAL OF FINAL ACCOUNT, IN ITS SEPTEMBER 27, 2023 ENTRY

**{¶31}** "VII. THE TRIAL COURT ERRED IN "APPROV[ING]" TRUSTEE'S "FINAL ACCOUNT" (OCTOBER 18, 2023 ENTRY GRANTING MICHELE MYERS' MOTION FOR APPROVAL OF FINAL ACCOUNT AND ORDER DISCHARGING TRUSTEE), WHEN IT MADE NO DETERMINATION THAT TRUSTEE WAS AUTHORIZED PURSUANT TO THE TRUST OR ANY LAW, TO PAY ATTORNEY FEES AND COSTS FOR PROCEEDINGS IN ESTATE OF CHARLES E. OGLE, DECEASED, ON BEHALF OF FIDUCIARY, MELISSA S. DAVENPORT, ATTORNEY FEES FOR REPRESENTATION OF MICHELE R. MYERS, INDIVIDUALLY, IN PROCEEDINGS IN ESTATE OF CHARLES E. OGLE, DECEASED, REIMBURSEMENT OF ALLEGED EXPENSES FOR CHARLES E. OGLE, DECEASED, INDIVIDUALLY, TO MICHELE R. MYERS, INDIVIDUALLY, OR ANY/ALL PAYMENTS TRUSTEE MADE FOR DEBTS INCURRED BY CHARLES E. OGLE, DECEASED, OR DEPOSIT INTO THE TRUST CHECKING ACCOUNT MONIES DUE AND PAYABLE TO THE ESTATE OF CHARLES E. OGLE, DECEASED, WHICH HAD NOT PRESENTED BY THE ESTATE FIDUCIARY IN ESTATE PROCEEDINGS.

**{¶32}** "VIII. THE TRIAL COURT ERRED IN "APPROV[ING]" TRUSTEE'S "FINAL ACCOUNT" (OCTOBER 18, 2023 ENTRY GRANTING MICHELE MYERS' MOTION

FOR APPROVAL OF FINAL ACCOUNT AND ORDER DISCHARGING TRUSTEE), WHEN THERE WAS NO DETERMINATION REGARDING OWNERSHIP OF PERSONAL PROPERTY ITEMS TRUSTEE ALLEGED IN "FINAL ACCOUNT" AS TRUST ASSETS, AS SET FORTH IN PLAINTIFF'S OBJECTION TO TRUSTEE'S "FINAL ACCOUNT" AND RENEWED MOTION FOR INJUNCTION, OR THOSE IDENTIFIED IN CHARLES R. OGLE'S APRIL 27, 2023 LETTER TO ATTORNEY SITTERLEY, INCLUDING, BUT NOT LIMITED TO, CHARLES R. OGLE'S .30-06 BROWNING RIFLE WITH A 3 X 9 ADJUSTABLE WEAVER SCOPE AND CHARLES R. OGLE'S "WALNUT LUMBER", ASSERTED IN TRUSTEE'S "FINAL ACCOUNT" AS TRUST ASSETS.

{¶33} "IX. THE TRIAL COURT ERRED IN "APPROV[ING]" TRUSTEE'S "FINAL ACCOUNT" (OCTOBER 18, 2023 ENTRY GRANTING MICHELE MYERS' MOTION FOR APPROVAL OF FINAL ACCOUNT AND ORDER DISCHARGING TRUSTEE), WHEN THE SAME HAD NOT BEEN SIGNED OR SWORN TO BY THE TRUSTEE AS TRUE AND ACCURATE.

{¶34} "X. THE TRIAL COURT ERRED IN "APPROV[ING]" TRUSTEE'S "FINAL ACCOUNT" (OCTOBER 18, 2023 ENTRY GRANTING MICHELE MYERS' MOTION FOR APPROVAL OF FINAL ACCOUNT AND ORDER DISCHARGING TRUSTEE), WHEN ANY/ALL ATTORNEY FEES BILLING STATEMENTS WERE NOT PROVIDED THE TRIAL COURT, OR TO CHARLES R. OGLE, AS REQUESTED OF ATTORNEY SITTERLEY ON APRIL 27, 2023.

{¶35} "XI. THE TRIAL COURT ERRED IN APPROVING TRUSTEE'S "FINAL ACCOUNT" (OCTOBER 18, 2023 ENTRY GRANTING MICHELE MYERS' MOTION

FOR APPROVAL OF FINAL ACCOUNT AND ORDER DISCHARGING TRUSTEE), FOR ATTORNEY FEES CHARGED AGAINST CHARLES R. OGLE'S BENEFICIARY SHARE WITHOUT DOCUMENTATION IN SUPPORT OF THE SAME ALLEGED IN TRUSTEE'S "FINAL ACCOUNT", AND ORDERING/AUTHORIZING TRUSTEE TO CHARGE "ADDITIONAL" LITIGATION ATTORNEY'S FEES AND EXPENSES AGAINST CHARLES R. OGLE'S BENEFICIARY SHARE.

{¶36} "XII. THE TRIAL COURT ERRED IN DETERMINING (OCTOBER 18, 2023 ENTRY GRANTING MICHELE MYERS' MOTION FOR APPROVAL OF FINAL ACCOUNT AND ORDER DISCHARGING TRUSTEE), THAT THERE HAD BEEN "[A] MISTAKEN RE-BOOKING OF THE $11,053.60 CHARGE PREVIOUSLY SHOWN AND PAID ON THE SEPTEMBER 15, 2022 ACCOUNT." (ENTRY "1.").

{¶37} "XIII. THE TRIAL COURT ERRED IN APPROVING TRUSTEE'S "FINAL ACCOUNT" (OCTOBER 18, 2023 ENTRY GRANTING MICHELE MYERS' MOTION FOR APPROVAL OF FINAL ACCOUNT AND ORDER DISCHARGING TRUSTEE), AND TRUSTEE'S FEES, WHEN TRUSTEE'S "FINAL ACCOUNT" PROVIDES EVIDENCE OF FRAUD BY THE TRUSTEE CONTROLLING AND FUNNELING INTANGIBLE ASSETS AND EXPENDITURES OF THE ESTATE OF CHARLES E. OGLE, DECEASED, THROUGH THE TRUST CHECKING ACCOUNT, AND CONTROLLING TANGIBLE ASSETS OF THE ESTATE OF CHARLES E. OGLE, DECEASED, TO INTERFERE WITH ESTATE VALUATION, AS WELL AS EVIDENCE THAT TRUSTEE HAD NEVER PROVIDED CHARLES R. OGLE WITH A FIRST ANNUAL TRUST ACCOUNTING, IN BREACH OF HER DUTY TO DO SO.

**{¶38}** "XIV. THE TRIAL COURT ERRED WHEN IT FAILED TO CONDUCT AN EVIDENTIARY HEARING IN REGARD TO THE TRUSTEE'S PERSONAL PROPERTY ASSERTIONS AND ASSESSMENTS OF VALUE OF THE SAME DISPUTED IN THE TRUSTEE'S "FINAL ACCOUNT", PRIOR TO ITS OCTOBER 18, 2023 ENTRY GRANTING MICHELE MYERS' MOTION FOR APPROVAL OF FINAL ACCOUNT AND ORDER DISCHARGING TRUSTEE.

**{¶39}** "XV. THE TRIAL COURT ERRED IN APPROVING TRUSTEE'S "FINAL ACCOUNT" (OCTOBER 18, 2023 ENTRY GRANTING MICHELE MYERS' MOTION FOR APPROVAL OF FINAL ACCOUNT AND ORDER DISCHARGING TRUSTEE), WHEN IT DENIED OR OVERRULED ALL OF CHARLES R. OGLE'S "PENDING" MOTIONS AND OBJECTIONS BEFORE THE TRIAL COURT."

**I.**

**{¶40}** In his first assignment of error, Appellant argues that the May 4, 2022, "resolution" was not an enforceable settlement. We disagree.

**{¶41}** It is within the sound discretion of the trial court to enforce a settlement agreement, and its judgment will not be reversed where the record contains some competent, credible evidence to support its findings regarding the settlement. *Natl. Court Reporters, Inc. v. Krohn & Moss, Ltd*., 2011-Ohio-731, ¶ 8 (8th Dist.). Therefore, we review the trial court's decision on the motion to enforce the settlement agreement for abuse of discretion. The term abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983). An abuse of discretion occurs when a court exercises its judgment in an unwarranted way

regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

**{¶42}** "[A] settlement agreement is a contract designed to terminate a claim by preventing or ending litigation[.]" *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.*, 1996-Ohio-158. " 'A valid settlement agreement is a binding contract between the parties which requires a meeting of the minds as well as an offer and acceptance.' " *Krohn & Moss, Ltd.*, 2011-Ohio-731, ¶ 10 (8ᵗʰ. Dist.), quoting *Rulli v. Fan Co.*, 79 Ohio St.3d 374, 376 (1997).

**{¶43}** The general rule is that, where the parties to an action voluntarily enter into a settlement agreement in the presence of the trial court, the agreement is a binding contract and may be enforced. *Spercel v. Sterling Indust.*, 31 Ohio St.2d 36 (1972).

**{¶44}** Where the settlement agreement is arrived at by the parties in open court and preserved by being read into the record or being reduced to writing and filed, then the trial judge may, *sua sponte,* approve a journal entry which accurately reflects the terms of the agreement, adopting the agreement as his judgment. *Holland v. Holland*, 25 Ohio App.2d 98 (1970). Where an agreement is purportedly arrived at in the presence of the trial judge and approved by the parties but its terms are not memorialized on the record and one of the parties later disputes the terms of the agreement by refusing to approve an entry journalizing the agreement, the trial judge may not adopt the terms of the agreement as he recalls and understands them in the form of a judgment entry. Instead, the party disputing the agreement is entitled to an evidentiary hearing before another judge * * * in which the trial judge may be called as a witness to testify as to his recollection and understanding of the terms of the agreement and, if the court concludes

that the parties entered into a binding contract, the settlement may be enforced. See *Spercel v. Sterling Indus., supra.* If the settlement agreement is extrajudicial in the sense that the trial judge is advised that the parties have agreed to a settlement, but he is not advised of the terms of the agreement, then the settlement agreement can be enforced only if the parties are found to have entered into a binding contract. Relief may be sought through the filing of an independent action sounding in breach of contract, or it may be sought in the same action. *Bolen v. Young* 8 Ohio App.3d 36, 37-38 (1982).

**{¶45}** Once the court determines that there is a binding agreement, a party may not unilaterally repudiate it. *Kostelnik v. Helper*, 2002-Ohio-2985. The settlement agreement may be enforced through filing a separate breach of contract action, or, as in the instant case, by filing a motion to enforce the settlement. *Id.*

**{¶46}** Here, the record reflects that the parties had a valid settlement agreement. The resolution was signed by all parties. Appellant indicated to the trial court, on the record, that he understood the terms of the agreement and intended to comply with same. (May 4, 2022, T. at 11-12).

**{¶47}** A trial court possesses the authority to enforce a settlement agreement voluntarily entered by the parties to a lawsuit. *Mack v. Polson Rubber Co.,* 14 Ohio St.3d 34 (1984).

**{¶48}** Based on the foregoing, we find that the trial court did not err in finding that the resolution in this matter was an enforceable settlement agreement.

**{¶49}** As such, Appellant's first assignment of error is overruled.

**II., V.**

{¶50} In his second and fifth assignments of error, Appellant argues the trial court erred in granting the Joint Motion to Enforce Settlement Agreement without first conducting an evidentiary hearing or appointing a mediator.  We disagree.

{¶51} Initially, we note that an evidentiary hearing did occur in this matter on May 4, 2022, wherein all parties were present and the terms of the agreement were memorialized on the record.  At that time, Appellant stated on the record that he understood that terms of the agreement.

{¶52} In the absence of allegations of fraud, duress, undue influence, or of any factual dispute concerning the existence of the terms of a settlement agreement, a court is not bound to conduct an evidentiary hearing prior to signing a journal entry reflecting the settlement agreement. *Mack v. Polson Rubber Co.*,14 Ohio St.3d 34 (1984), syllabus.

{¶53} Here, the trial court was in full possession of the facts and the terms of the settlement agreement, and found no ambiguity or legitimate dispute concerning same.

{¶54} Despite Appellant's claims now to the contrary, there was no uncertainty as to the terms of the settlement to require an evidentiary hearing. Therefore, the trial court did not abuse its discretion by granting the motion to enforce without holding an evidentiary hearing.

{¶55} As to Appellant's motion for mediation, it is within the trial court's discretion to promote settlement and prevent litigation. *Rulli v. Fan Co.*, 79 Ohio St.3d 374, 376 (1997). By its very nature, mediation is a voluntary process and there is no law or rule that requires a trial court to offer mediation. *U.S. Bank Nat. Assn. v. Morales*, 2009-Ohio-5635, ¶ 23 (11th Dist). We review whether a trial court grants or denies a motion for

mediation under an abuse of discretion standard. *Bank of New York v. Stilwell*, 2012-Ohio-4123, ¶ 40 (5th Dist.); *Bank of Am. v. Litteral,* 2010-Ohio-5884, ¶ 21 (2nd Dist.).

**{¶56}** Here, the parties had reached a valid settlement in this matter. We therefore find no abuse of discretion in the trial court not referring the matter for mediation.

**{¶57}** Appellant's second and fifth assignments of error are overruled

**III., IV.**

**{¶58}** In his third and fourth assignments of error, Appellant argues the trial court erred in authorizing the Trustee to sell the .30-.06 Browning Rifle in this matter and ordering any future litigation expenses charged against his individual share of the trust. We disagree.

**{¶59}** In paragraphs 2 and 3 of the Resolution/Settlement Agreement signed by the parties, filed May 4, 2022, the parties agreed:

2. The guns held by the trustee would be distributed in kind to Melissa Davenport and Charles Ogle per their agreement in writing, tendered to the Trustee. This in-kind distribution would have an agreed, assessed monetary value of $0.00 dollars. In other words, whatever the agreement is between Ms. Davenport and Mr. Ogle, the Trustee would honor it and distribute accordingly without any cash or monetary offset in her own favor as the third beneficiary. The terms of this provision are expressly dependent on the receiving beneficiary being legally authorized to own and possess the guns, the Trustee being released of any liability relating to the same, and the trustee, with counsel's advice, effecting the transfer in a lawful manner.

3. Absent an agreement by those two beneficiaries, the Trustee would sell the guns and add the proceeds of sale to the trust.

6. \*\*\*

\*\*\*

d. All future litigation expenses, including attorneys' fees, after the date of the consent judgment, would be paid by the non-prevailing party and chargeable to their individual share of the trust.

{¶60} On the record, paragraphs 2 and 3 were specifically addressed. The parties, including Appellant, all agreed that Appellant Ogle and Appellee Davenport would submit their written agreement concerning the in-kind distribution of the guns within thirty days. (May 4, 2022, T. at 7). Appellee Myers' counsel then stated that if the Ogle/ Davenport agreement was not received by June 3, 2022, the Trust would sell the guns, to which Ogle responded "got it." (May 4, 2022, T. at 8). The trial court confirmed Appellant's understanding and consent to the settlement agreement:

THE COURT: And, Mr. Ogle, you've heard the rendition that Mr. Elsea has indicated and you've reviewed the written agreement and signed it; is that correct?

MR. OGLE: Yes, sir, it is.

THE COURT: Do you want to add anything?

MR. OGLE: No, other than I just -- which I think he covered -- just when the final paperwork gets submitted, we do both have the right -- Susie and I both have the right to look it over and object to anything that we feel

might -- may be incorrect. And that's -- Mr. Elsea has that covered, so,

yes, that's fine.

THE COURT: Okay.

**{¶61}** (May 4, 2022, T. at 11-12).

**{¶62}** The parties herein agreed, as set forth in detail, that if an agreement as to an in-kind distribution could not be reached between the two siblings as to the firearms, the Trustee would sell same and add the proceeds to the Trust.

**{¶63}** We find no error on the part of the trial court in authorizing the sale of the .30-.06 Browning Rifle in this matter, pursuant to the terms of the agreement of the parties.

**{¶64}** Appellant also argues that the trial court erred in ordering him to pay "litigation expenses, including attorneys' fees, after May 4, 2022." "Ohio follows the 'American Rule,' under which a prevailing party generally may not recover their attorney fees and costs from the opposing, non-prevailing party." *Burdick v. Burd Brothers, Inc.*, 2019-Ohio-1593, ¶ 18, (12th Dist)., citing *State ex rel. Gmoser v. Village at Beckett Ridge Condominium Owners' Assn., Inc.*, 2016-Ohio-8451, ¶ 44 (12th Dist). There is an exception to this rule, however, that provides that "[a]ttorney fees may be awarded when a statute or an enforceable contract specifically provides for the losing party to pay the prevailing party's attorney fees * * *." *Wilborn v. Bank One Corp.*, 2009-Ohio-306, ¶ 7, citing *Nottingdale Homeowners' Assn., Inc. v. Darby*, 33 Ohio St.3d 32, 34, 514 N.E.2d 702 (1987).

**{¶65}** As set forth above, the parties agreed that all future litigations expenses, including attorney fees, would be paid by the non-prevailing party.

**{¶66}** Again, once the trial court determines that there is a binding agreement, a party may not unilaterally repudiate it. *Id.* at ¶ 11, citing *Kostelnik v. Helper*, 2002-Ohio-2985.

**{¶67}** We find no abuse of discretion in the trial court's decision enforcing the terms of the settlement agreement.

**{¶68}** Appellant's third and fourth assignments of error are overruled

**VI.**

**{¶69}** In his sixth assignment of error, Appellant assigns error to the trial court's statement in its Entry that Attorney Shepler was present on behalf of Appellee Melissa Davenport at the hearing held on September 27, 2023.

**{¶70}** Appellee agrees that Atty. Shepler was not present at said hearing.

**{¶71}** Upon review of this inaccuracy in the trial court's Entry, we find such error to be harmless as Appellant has failed to show how such resulted in any prejudice to him. We note that harmless error is described as "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Crim.R. 52(A).

**{¶72}** Appellant's sixth assignment of error is overruled.

**VII., VIII., IX., X., XI., XII., XIII., XIV., XV.**

**{¶73}** In the remaining nine assignments of error, Appellant argues that the trial court erred in approving the Trustee's Final account. We disagree.

**{¶74}** First, Appellant argues the trial court erred in failing to make a determination that the Trustee was authorized, pursuant to the Trust, to pay attorney fees, costs and reimbursements incurred in the Estate proceedings or to make deposits into the Trust which were payable to the Estate.

{¶75} Here, Charles E. Ogle's Last Will and Testament was set up as a pour-over will to the Charles E. Ogle Irrevocable Trust, which means that all of the Estate's assets go to the Trust. In other words, the sole beneficiary of the will is the trust. The Will nominated Appellee Myers as the fiduciary and as the sole beneficiary of the Estate in her capacity as Trustee. After Appellant Ogle objected, the parties agreed to Appellee Davenport serving as fiduciary.

{¶76} Upon review, we find no error in the trial court granting the legal fees incurred by the Appellees arising out of the Estate proceedings. Appellant has failed to point to anything in the record to show that any payments, deposits or reimbursements were not permitted under the Estate, the Trust, or the Ohio Trust Code.

{¶77} As to Appellant's allegations that actions taken by Appellee Myers with regard to Estate assets were fraudulent, we find that Appellant appears to have never raised any allegations of fraud before the trial court. "It is well-settled law that issues not raised in the trial court may not be raised for the first time on appeal because such issues are deemed waived." *Columbus v. Ridley*, 2015-Ohio-4968, 50 N.E.3d 934, ¶ 28 (10th Dist.), quoting *State v. Barrett*, 10th Dist. Franklin No. 11AP-375, 2011-Ohio-4986, 2011 WL 4489169, ¶ 13; see *State v. Comen*, 50 Ohio St.3d 206, 211, 553 N.E.2d 640 (1990).

{¶78} Appellant further argues that the trial court erred in not holding an evidentiary hearing to determine the ownership of certain personal property, more specifically the Browning .30-.06 rifle and some walnut lumber.

{¶79} Again, having found that the settlement agreement in this matter was valid and enforceable, we find that disposal of the Browning .30-.06 rifle and "any other personal property" was done under the authority of and in accordance with same.

**{¶80}** We further find that an evidentiary hearing on the Motion to Approve the Final Account and Appellant's Objections did take place on September 27, 2023, wherein Appellant had the opportunity to raise any and all concerns and objections.

**{¶81}** Appellant next argues that the trial court erred in accepting the Final Account in this matter because Trustee Myers failed to sign or swear that the Final Account was true and accurate.

**{¶82}** Appellant cites no legal authority in support of this argument. Accordingly, Appellant's brief does not comply with App.R.16(A)(7), which provides,

> The appellant shall include in its brief, under the headings and in the order indicated, all of the following * * * An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

**{¶83}** "If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out." *Thomas v. Harmon*, 4th Dist. Lawrence No. 08CA17, 2009-Ohio-3299, ¶14, quoting *State v. Carman*, 8th Dist. Cuyahoga No. 90512, 2008-Ohio-4368, ¶31. "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." *Kremer v. Cox*, 114 Ohio App.3d 41, 60 (9th Dist.). Therefore, "[w]e may disregard any assignment of error that fails to present any citations to case law or statutes in support of its assertions." *Frye v. Holzer Clinic, Inc.*, 2008-Ohio-2194, ¶12 (4th Dist.). *See, also,* App.R. 16(A)(7); App.R. 12(A)(2); *State v. Norman*, 2011-Ohio-596,

¶29 (5th Dist.); *State v. United*, 2007-Ohio-1804, ¶141 (5th Dist.); *Matter of T.S.*, 2022-Ohio-975, ¶¶ 22-23 (5th Dist).

**{¶84}** Upon review, we find that Appellant Myers, as Trustee, had a fiduciary duty to the trust. The duties and responsibilities owed by a trustee to the trust beneficiaries are well established. These duties generally include the duty to be loyal to the trust beneficiaries; to keep and render clear and accurate accounts with respect to the administration of the trust; to keep trust property separate and not commingle it with the trustee's personal property; to make the trust property productive; to pay income to the trust beneficiaries at reasonable intervals; and, finally, to account and pay over the corpus on termination of the trust." *Homer v. Wullenweber*, 89 Ohio App. 255, 259, (1951); *Sredniawa v. Sredniawa*, 2006-Ohio-1597, ¶ 13 (8th Dist.).

**{¶85}** Also, the documents motion and documents presented to the trial court were signed by counsel. Civ.R. 11 requires "at least one attorney of record" of a represented party or a "party who is not represented by an attorney" to sign every motion, pleading, or other document filed in a civil action. This signature serves as a certificate that (1) the attorney of record or pro se party filing the document has read the document, (2) everything contained in it is true to the best of the individual's knowledge, (3) there is a good ground to support it, and (4) its purpose was not to delay. Civ.R. 11; *Fast Property Solutions, Inc. v. Jurczenko*, 11th Dist. Lake Nos. 2012-L-015 & 2012-L-016, 2013-Ohio-60, ¶52.

**{¶86}** Based on the foregoing, we find no error in the trial court's acceptance of the Final Account without a sworn statement by the trustee.

**{¶87}** Appellant also argues approval of the Final Account was improper because the billing statements provided to him were incomplete and contained redactions.

**{¶88}** The Ohio Supreme Court has recognized that "the narrative portions of itemized attorney-billing statements containing descriptions of legal services performed by counsel for a client are protected by the attorney-client privilege." *State ex rel. Anderson v. Vermilion,* 2012-Ohio-5320, ¶ 13, citing *State ex rel. Dawson v. Bloom–Carroll Local School Dist.,* 2011-Ohio-6009, ¶ 28–29, and *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office,* 2012-Ohio-4246, ¶ 36; *State ex rel. Pietrangelo v. Avon Lake*, 2016-Ohio-2974, ¶ 32.

**{¶89}** Here, the record does not reflect that the trial court undertook an individualized scrutiny of the attorney bill, nor does it appear that Appellant requested the trial court to do so. Nor has the trial court's failure in this regard been assigned as error on appeal.

**{¶90}** Again, we find no error in acceptance of the Final Account.

**{¶91}** Next, Appellant assigns error to the identification and rectification of a re-booking mistake as to attorneys' fees which resulted in a decrease in fees owed by Appellant from $14,942.96 to $3,889.36, and an increase of $11,053.60 in Plaintiff's share in the proceeds on the Final Account.

**{¶92}** This mistake was raised and corrected by Appellee Myers' counsel at the September 27, 2023, hearing, and included, and the motion correcting same was granted in the October 18, 2023, Entry Granting Michele Myers' Motion for Approval of Final Account and Order Discharging Trustee.

**{¶93}** Upon review, we find that Appellant is raising this issue for the first time on appeal. We further fail to find how the correction of this mistake, which was to the benefit of Appellant, resulted in substantial harm to Appellant.

**{¶94}** Finally, Appellant argues the trial court erred in approving the Final Account "when it denied or overruled all of [Appellant's] 'pending' motions and objections before the trial court". More specifically, Appellant claims "[n]o oral hearing was held on a single request or motion filed by [Appellant], including to prevent Trustee from selling his rifle, or his motion for partial summary judgment with attached affidavit and evidence regarding his rifle."

**{¶95}** As stated above, the trial court did hold an oral hearing on September 27, 2023, on Appellant's Objections to Trustee's Final Account and Renewed Motion for Injunction, and Appellant's Motion to Compel Trustee to Produce "Legal Fees" Billing Statements.

**{¶96}** Additionally, the May 4, 2022, settlement agreement obviated the need for any additional hearings concerning ownership of certain personal property, namely the Browning .30-.06 rifle.

{¶97}  Based on the foregoing, we find no error in the trial court's acceptance of the Final Account in this matter.

{¶98}  Appellant's remaining assignments of error are overruled.

{¶99}  Accordingly, the judgment of the Court of Common Pleas, Probate Division, Fairfield County, Ohio, is affirmed.

By: Wise, J.

King, P. J., and

Baldwin, J., concur.

JWW/kw 0612