[Cite as *Hollowell v. Aplis*, 2014-Ohio-1084.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 100275

## MAMIE R. HOLLOWELL, ET AL.

PLAINTIFFS-APPELLANTS

vs.

## KENNETH APLIS, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-11-764586

**BEFORE:** S. Gallagher, J., Jones, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** March 20, 2014

**ATTORNEY FOR APPELLANTS**

Anthony D. Jordan
11811 Shaker Blvd.
Suite 420
Shaker Heights, OH   44120

**ATTORNEYS FOR APPELLEES**

Todd M. Haemmerle
Colleen A. Mountcastle
Gallagher Sharp
Sixth Floor, Bulkley Building
1501 Euclid Avenue
Cleveland, OH   44115

**Also listed:**

**For Clarice Crane**

Clarice Crane, pro se
13553 Cedar Road
Cleveland Heights, OH   44118

SEAN C. GALLAGHER, J.:

**{¶1}** Plaintiffs-appellants Mamie and Mickel Hollowell appeal the judgment of the Cuyahoga County Court of Common Pleas that granted summary judgment in favor of defendants-appellees Jacquelyn and Kenneth Aplis. For the reasons stated herein, we affirm the judgment of the trial court.

**{¶2}** Plaintiffs filed this action on September 16, 2011. The amended complaint raises claims for violation of the landlord-tenant statute, R.C. 5321.04, negligence, and intentional infliction of emotional distress.[1]

**{¶3}** The underlying facts are as follows. Jacquelyn Aplis ("Aplis") is the sole owner and landlord of a two-unit duplex located at 15337 Cedar Road in University Heights, Ohio. Clarice Crane is a tenant in one of the units. On November 25, 2010, Mamie Hollowell ("Hollowell") was Crane's guest. At the end of her visit, Hollowell attempted to exit the side door of the house. She walked down a few interior steps to a landing; opened the door, which swung toward her; tried to step around the door; and fell down the basement steps, resulting in injuries.

**{¶4}** Hollowell testified that there was no floor mat on the floor and the weather was inclement that day. However, there is no indication that Hollowell slipped. Rather, when asked about the fall, she stated she stepped off toward the landing and fell backwards down the steps. She stated "[w]hen I stepped to go around the door is when I

---

[1] The named defendants included Jacquelyn Aplis, Kenneth Aplis, and Clarice Crane. Following the trial court's summary judgment ruling, plaintiffs filed a notice of voluntary dismissal of Clarice Crane.

fell. I have no idea why that was, but there was no — nothing for me to step on to." Hollowell also indicated that she could see where she was going and that there was sufficient lighting in the area.

{¶5} Plaintiffs' expert opined that the stairs and landing area where the fall occurred did not meet housing or safety code standards and that the stairs were dangerous and the poor design created an unfamiliar exit, which proximately resulted in Hollowell's trip-and-fall accident. Plaintiffs' expert also opined that the owner should have known about the unsafe condition, and that the owner should have taken corrective measures or posted warning signs.

{¶6} Aplis purchased the property in 1990. The rental property is inspected on a regular basis by both the city of University Heights and the Cuyahoga Metropolitan Housing Authority ("CMHA"). Although Aplis had received notice of minor violations, none related to the alleged violations at issue in this case. There was no evidence that there were prior accidents or other matters involving the stairway or landing. Crane, who had been a tenant for over six years, testified that she never had any problems entering or exiting the house from the side door, that she never complained to Aplis about the side exit or stairs, and that others had used the side exit and stairs without incident during her tenancy. Aplis testified that she had never been informed that the stairway or landing was poorly designed. The only issue involving the stairway was the installation of a handrail, which was installed before the accident in this case. It had never occurred to

Aplis that the design of the area was hazardous. Aplis also indicated that her husband Kenneth Aplis has never inspected the property and that he "never goes there."

{¶7} Plaintiffs and the Aplis defendants filed cross-motions for summary judgment. On July 12, 2013, the trial court granted the motion for summary judgment filed by the Aplis defendants and denied the motion filed by plaintiffs. The trial court found "no evidence that the landlord or the tenant had notice of any purported defect in the stairs."

{¶8} Plaintiffs filed this appeal, raising two assignments of error for our review. Under the first assignment of error, plaintiffs claim there are disputed material issues of fact as to whether Aplis had constructive or actual notice of a hazardous condition in the stairwell. Plaintiffs point to the opinion of their expert, who opined that Aplis should have had notice of the defective condition, and to Hollowell's testimony concerning attendant circumstances, which suggested a defective condition existed. Under their second assignment of error, plaintiffs claim the trial court erred when it found that Aplis did not breach a duty of ordinary care.

{¶9} Appellate review of summary judgment is de novo, governed by the standard set forth in Civ.R. 56. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Summary judgment is appropriate when "(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds

can come to but one conclusion and that conclusion is adverse to the nonmoving party."

*Marusa v. Erie Ins. Co.*, 136 Ohio St.3d 118, 2013-Ohio-1957, 991 N.E.2d 232, ¶ 7.

{¶10} R.C. 5321.04(A) imposes certain obligations upon a landlord who is a party

to a rental agreement. Among other duties, a landlord must do the following:

> (1) Comply with the requirements of all applicable building, housing, health, and safety codes that materially affect health and safety;
>
> (2) Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition;
>
> (3) Keep all common areas of the premises in a safe and sanitary
>
> condition[.]

R.C. 5321.04(A)(1)-(3). The protections extend to a tenant's guests. *Mann v.*

*Northgate Investors*, *L.L.C.,* Slip Opinion No. 2014-Ohio-455, ¶ 33. A landlord's

violation of the above duties constitutes negligence per se. *Id.* However, a landlord

will be excused from liability "if he neither knew nor should have known of the factual

circumstances that caused the violation." *Sikora v. Wenzel*, 88 Ohio St.3d 493,

2000-Ohio-406, 498, 727 N.E.2d 1277. *Id.*

{¶11} There is simply no evidence that Aplis knew or should have known of any

of the alleged defects that were alleged to be the proximate cause of Hollowell's injuries.

The record reflects that Aplis was unaware of any defective condition with the stairway

or landing area. Further, there is no evidence to suggest she should have known of the

alleged defects. Despite regular inspections, there were no prior violations involving the

area in question. There were no prior accidents or complaints involving the stairway or

landing area. Additionally, R.C. 5321.04 does not impose an affirmative duty on a landlord to inspect the premises to find prospective dangers or code violations. *Butler v. Wyndtree Hous. Ltd. Partnership*, 12th Dist. Butler No. CA2011-03-056, 2012-Ohio-49, ¶ 42; *Avila v. Gerdenich Realty Co.*, 6th Dist. Lucas No. L-07-1098, 2007-Ohio-6356, ¶ 10. We also cannot say the opinion of plaintiffs' expert creates a genuine issue of material fact when there is no evidence that Aplis ever received actual or constructive notice of the alleged defects. Upon our review, we find plaintiffs cannot establish liability against Aplis for any potential violation of R.C. 5321.04.

{¶12} Further, absent actual or constructive knowledge of the alleged defects, plaintiffs cannot establish a common-law negligence claim involving an invitee. We find plaintiffs' argument concerning attendant circumstances unpersuasive because the open-and-obvious defense has not been asserted.

{¶13} As for defendant-appellee Kenneth Aplis, it is undisputed that he had no ownership or control over the property. Therefore, he owed no duty to the appellants.

{¶14} Finally, as recognized by the trial court, the plaintiffs failed to produce any evidence in support of their intentional infliction of emotional distress claim.

{¶15} We conclude the trial court did not err by granting summary judgment in favor of the Aplis defendants.

{¶16} Judgment affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
PATRICIA ANN BLACKMON, J., CONCUR