**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 16a0599n.06

Case No. 16-5194

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Nov 09, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| PATRICE SNIDER, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| WAL-MART STORES, INC.; STANLEY | ) | KENTUCKY |
| BLACK & DECKER, INC., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

BEFORE: KEITH, SUTTON, and DONALD, Circuit Judges.

SUTTON, Circuit Judge. An automatic sliding door at a Wal-Mart store hit Patrice Snider's hand as she entered the store with a friend—all captured by video footage at the entrance to the store. Seeking damages for her injury, Snider sued Wal-Mart and Stanley Access Technologies, an automated-door provider, alleging they were negligent in maintaining the door. The defendants moved for summary judgment. Snider did not respond with evidence of negligence by either defendant. She instead claimed that the doctrine of res ipsa loquitur by itself permitted the case to go to a jury. The district court granted the defendants' motion for summary judgment. We affirm because a prerequisite for the doctrine—evidentiary necessity— does not apply when the underlying incident is captured on film. In this setting, Snider could not seek relief solely on the ground that the accident "speaks for itself." She had to introduce evidence showing that one or the other defendant, or both of them, was negligent in maintaining

the door. When she failed to do that, the district court properly rejected her claim as a matter of law.

Kentucky, like all States, permits negligence liability under the res ipsa loquitur doctrine. In permitting claims to go to a jury because "the thing speaks for itself," Kentucky common law allows a jury to infer negligence—in truth to presume negligence—where they can "reasonably infer both negligence and causation from the mere occurrence of the event and the defendant's relation to it." *Love v. Walker*, 423 S.W.3d 751, 756 (Ky. 2014) (quotation omitted). The doctrine fills an evidentiary gap for plaintiffs who, through no fault of their own, lack evidence of the defendant's negligent acts. *See Smith v. Hamm*, 235 S.W.2d 437, 439 (Ky. Ct. App. 1950); *see also Morris v. Wal-Mart Stores, Inc.*, 330 F.3d 854, 858–59 (6th Cir. 2003).

The circumstances that gave birth to the doctrine, however, confine its reach. Think of *Byrne v. Boadle*, 2 H. & C. 722, 159 Eng. Rep. 299 (1863), known to law students as the "barrel drop" case. The only evidence in the case was this: testimony from two witnesses who saw a barrel of flour falling from the window of the defendant's shop, the plaintiff's testimony that he saw the barrel and remembered nothing except blacking out, and the testimony of a physician concerning the plaintiff's injuries. In the absence of evidence that someone saw what happened inside the flour maker's shop, the plaintiff appeared to lack any evidence of negligence by the defendant. But the court filled that gap by permitting the jury to infer that negligence by the defendant was the common sense explanation for what happened—that indeed "the thing speaks for itself."

Consistent with *Byrne*, evidentiary necessity remains a prerequisite for applying the doctrine. The doctrine thus applies only where "the court does not know, and cannot find out, what actually happened in the individual case." *Restatement (Third) of Torts: Phys. & Emot.*

2

*Harm* § 17 cmt. a (ALI 2010); *see Moore v. Lexington Transit Corp.*, 418 S.W.2d 245, 247 (Ky. 1967). "[T]he plaintiff may not claim the benefit of the doctrine of res ipsa loquitur . . . when all the facts causing the accident are known." *Schroerlucke v. McDaniel Funeral Home, Inc.*, 291 S.W.2d 6, 8 (Ky. 1956). Where such direct evidence is available, the jury is presented with "a clearcut issue as to whether the action taken by the [defendants] constituted negligence," and there is "simply no place for an inference of negligence arising out of an unexplained occurrence." *Moore*, 418 S.W.2d at 247. All in all, res ipsa loquitur is a doctrine "of necessity," not of convenience. *O'Mara v. Pennsylvania R. Co.*, 95 F.2d 762, 763 (6th Cir. 1938); *see also 57B Am. Jur. 2d Negligence* § 1169; *Hall v. Chastain*, 273 S.E.2d 12, 14 (Ga. 1980) ("The rule is one of necessity in cases where there is no evidence of consequence showing negligence on the part of the defendant.") (quotation omitted); *Heffter v. N. States Power Co.*, 217 N.W. 102, 103 (Minn. 1927) ("Necessity seems the best support for the rule . . . . It must therefore follow that the doctrine of res ipsa loquitur has no application where all the facts and circumstances appear in evidence. Nothing is then left to inference. The necessity therefor[e] does not exist.").

The problem for Snider is that no evidentiary necessity exists. The video captures the incident in its entirety. No one needs a speak-for-itself inference that the door caused the injury when a thousand-word picture captures the incident. The video, it's true, does not show negligence by either defendant, and it's not even clear from the video that the door malfunctioned. That explains why the plaintiff is right to worry about connecting a design defect in the door to the accident. But she is mistaken to think res ipsa loquitur fills *that* gap. It was incumbent on Snider, as it is incumbent on most negligence plaintiffs, to establish wrongdoing— to establish that what the video shows happened due to a malfunction in the door or a defect in its design. Snider did not do that, and res ipsa loquitur offers no salve for the shortcoming.

Perhaps Snider might respond that her case is more like *Byrne*'s than we acknowledge. Here too, for example, she has evidence that an accident occurred, but no evidence to show how or why it happened. But *Byrne* contains an evidentiary necessity that this case does not. There, the plaintiff had no way of knowing what occurred inside the flour shop. Here, both Snider and the defendants are in the same position with respect to uncovering the cause of the malfunction (if in fact any malfunction occurred). Both would need to find an expert to look at the door and review the video, all to the end of figuring out what happened and whether it could have been prevented with due care.

Any other approach would do considerable damage to the fairness of negligence litigation. Res ipsa loquitur permits something extraordinary in American litigation: an inference of wrongdoing "as a matter of common knowledge and experience" rather than proof. *Banes v. Otis Elevator Co.*, 2 F. App'x 461, 467 (6th Cir. 2001) (unpublished) (quoting *Bell & Koch, Inc. v. Stanley*, 375 S.W.2d 696, 697 (Ky. 1964)). Permitting juries to use this inference where it is unnecessary would erode burden-of-proof protections essential to the fairness of tort litigation, and as shown here would be of little use in determining *which* defendant, if either of them, was negligent. In the last analysis, the doctrine has no role to play in this case. A video captures the incident, which leaves the plaintiff with the threshold obligation to produce evidence of negligence by one or both defendants in designing or maintaining the automatic doors. When she failed to do that, the defendants were entitled to summary judgment.

For these reasons, we affirm.