[Cite as *Curtin v. McCulley*, 2022-Ohio-2482.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| SHANNON CURTIN | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Appellee-Petitioner | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 21 CA 0028 |
| BRANDI McCULLEY | |
| Appellant-Respondent | O P I N I O N |


CHARACTER OF PROCEEDING:        Civil Appeal from the Court of Common
                                Pleas, Case No.  21 CS 85


JUDGMENT:                       Reversed and Remanded


DATE OF JUDGMENT ENTRY:         July 18, 2022


APPEARANCES:

For Appellee-Petitioner                 For Appellant-Respondent

                                        TRACY S. COMISFORD
                                        Post Office Box 44
                                        Granville, Ohio  43023

*Wise, J.*

{¶1} Appellant Brandi McCulley appeals from the November 9, 2021 Judgment Entry by the Guernsey County Court of Common Pleas. Appellee is Shannon Curtin. The relevant facts leading to this appeal are as follows.

## FACTS AND PROCEDURAL HISTORY

{¶2} On March 29, 2021, Appellee filed a Petition seeking a civil stalking protection order ("the Petition") against Appellant. The trial court issued an ex-parte order against Appellant.

{¶3} On April 5, 2021, Appellant filed a Motion for Discovery pursuant to Civ.R. 65.1(D).

{¶4} On April 22, 2021, the trial court granted Appellant's discovery motion. Appellant noticed Appellee for deposition. Appellee arrived at the deposition without counsel and indicated she intended to hire counsel. The deposition was adjourned.

{¶5} The deposition was noticed again, but minutes before the deposition Appellant's counsel contacted Appellee's counsel and said Appellee would not be appearing for the deposition. The deposition was rescheduled for June 21, 2021.

{¶6} Appellee filed a motion seeking to recover fees and expenses incurred in connection with Appellant's failure to appear for deposition.

{¶7} On August 26, 2021, the matter came on for full hearing on Appellee's Petition. Appellee voluntarily dismissed her petition. Appellant filed a motion seeking to recover Appellant's attorney fees and expenses.

{¶8} The magistrate denied the motion, and the trial court upheld the magistrate's decision.

**ASSIGNMENTS OF ERROR**

**{¶9}**   Appellant filed a timely notice of appeal raising the following two Assignments of Error:

**{¶10}** "I. THE TRIAL COURT ERRED IN DISMISSING, BASED UPON R.C. 2903.214(J), APPELLANT'S MOTION SEEKING ATTORNEY FEES PURSUANT TO R.C. 2323.51 AND CIVIL RULE 11.

**{¶11}** "II. THE TRIAL COURT ERRED IN DISMISSING, BASED UPON R.C. 2903.214(J), APPELLANT'S MOTION FOR ATTORNEY FEES AND EXPENSES FOR FAILING TO COOPERATE WITH DISCOVERY."

**I., II.**

**{¶12}**  In Appellant's First and Second Assignments of error, Appellant argues that the trial court erred by dismissing Appellant's Motion seeking fees for frivolous conduct finding he was prevented from doing so under R.C. §2903.214(J). We agree.

**{¶13}**  "[W]hen an appellate court is presented with purely legal questions, the standard of review to be applied is de novo." *Eagle v. Fred Martin Motor Co.*, 157 Ohio App.3d 150, 2004-Ohio-928, ¶11 (9th Dist.), citing *Akron-Canton Waste Oil, Inc. v. Safety-Kleen Oil Serv., Inc.*, 81 Ohio App.3d 591, 602 (9th Dist.1992). "Under the de novo standard of review, an appellate court does not give deference to a trial court's decision." *Id.* citing *Akron v. Frazier*, 142 Ohio App.3d 718, 721 (9th Dist.2001).

**{¶14}**  R.C. §2323.51 provides for an "award of attorney's fees as sanction for frivolous conduct. R.C. §2323.51(B)(1) in pertinent part states:

[A]ny party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonably attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal.

**{¶15}** Civ.R. 37(B) provides for sanctions against a party for failure to produce a person for examination. In pertinent part, Civ.R. 37(B) states:

(2) *For Not Producing a Person for Examination*. If a party fails to comply with an order under Civ.R. 35(A) requiring it to produce another person for examination, the court may issue any of the orders listed in Civ.R. 37(B)(1) unless the disobedient party shows that it cannot produce the other person.

(3) *Payment of Expenses*. Instead of or in addition to the orders above, the court shall order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

**{¶16}** "The ultimate decision whether to impose sanctions for frivolous conduct, however, remains wholly within the trial court's discretion." *Orbit Elecs., Inc. v. Helm Instrument Co.*, 167 Ohio App.3d 301, 2006-Ohio-2317, 855 N.E.2d 91, ¶47 (8th Dist.). "Civ.R. 37 provides trial courts with broad discretion to impose sanctions upon a party who violates the rules governing the discovery process." *Elliott-Thomas v. Smith*, 154 Ohio St.3d 11, 2018-Ohio-1783, 110 N.E.3d 1231.

**{¶17}** R.C. §2903.214(J) states:

(J)(1) Subject to division (J)(2) of this section and regardless of whether a protection order is issued or a consent agreement is approved by a court of another county or by a court of another state, no court or unit of state or local government shall charge the petitioner any fee, cost, deposit, or money in connection with the filing of a petition pursuant to this section, in connection with the filing, issuance, registration, modification, enforcement, dismissal, withdrawal, or service of a protection order, consent agreement, or witness subpoena or for obtaining a certified copy of a protection order or consent agreement.

(2) Regardless of whether a protection order is issued or a consent agreement is approved pursuant to this section, the court may assess costs against the respondent in connection with the filing, issuance, registration, modification, enforcement, dismissal, withdrawal, or service of a protection order, consent agreement, or witness subpoena or for obtaining a certified copy of a protection order or consent agreement.

**{¶18}** R.C. §2903.214(J) prohibits a court from charging a "fee, cost, deposit, or money" for "the filing, issuance, registration, modification, enforcement, dismissal, withdrawal, or service of a protection order, consent agreement, or witness subpoena or for obtaining a certified copy of a protection order or consent agreement." The General Assembly did not prohibit a trial court from issuing sanctions for frivolous conduct or failure to comply with discovery orders in connection with a petition filed under R.C.

§2903.14. Therefore, the trial court may assess sanctions for frivolous conduct and discovery violations with regard to a petition filed under R.C. §2903.214.

**{¶19}** Appellant's First and Second Assignments of Error are sustained.

**{¶20}** For the foregoing reasons, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.

By: Wise, J.

Gwin, P. J., and

Hoffman, J., concur.

JWW/br 0715