[Cite as *Oeffner v. Marc Glassman, Inc.*, 2025-Ohio-1610.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| VIVIAN OEFFNER | : | Hon. Andrew J. King, P.J. |
|  | : | Hon. Robert G, Montgomery, J. |
| Plaintiff-Appellant | : | Hon. Kevin W. Popham, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2024CA00110 |
| MARC GLASSMAN, INC. | : |  |
|  | : |  |
| Defendant-Appellee | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of Common Pleas, Case No. 2023CV00687

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     May 5, 2025

APPEARANCES:

For Plaintiff-Appellant

GEORGE W. COCHRAN
1981 Crossfield Circle
Kent, OH 44240

For Defendant-Appellee

KRISTEN S. MOORE
200 Market Avenue North
Suite 300
Canton, OH 44702

*Popham, J.*

**{¶1}** Appellant Vivian Oeffner appeals the judgment entries of the Stark County Court of Common Pleas. Appellee is Marc Glassman, Inc., d/b/a Marc's Discount Drug Store and Grocery.

*Facts & Procedural History*

**{¶2}** Appellant has shopped at Marc's Grocery Store in Hartville multiple times per week for approximately five years. On September 22, 2021, appellant arrived at the Hartville Marc's store at approximately 8:00 p.m. It was dark. She parked in a handicapped parking space. She did not use her walker or her cane, although her walker was in the car. The door at issue in this case is what the parties call the "first automatic door" into the store ("Door").

**{¶3}** The video of the incident was captured on store surveillance camera. At 20:15:21, another patron of the store walked "out" through the "in" Door, pushing the Door into an outward position not normally activated when entering the store. The Door remained approximately half-way open in the outward position. The video shows two other patrons successfully entering, without incident, through the Door while it was in the outward position. Appellant began to walk through the Door at 20:18:59. When appellant started to walk through the Door, the Door was beginning to move from the outward position, back into its normal position. Appellant squeezed through the half-opened Door. As she stepped over the threshold, the Door swung inward, and hit appellant from behind.

**{¶4}** Appellee utilized Cleveland Door to service the doors at its stores. The morning of September 23, 2021, appellee had Cleveland Door complete an inspection of the Door. Technician Karl Adams ("Adams"), an inspector certified by the American

Association of Automatic Door Manufacturers ("AAADM") performed a full safety check of the Door. He could not find anything wrong with the Door, and found "all doors are working properly."

{¶5} Appellant filed a complaint on April 17, 2023, against appellee asserting the following individual claims: (1) common law negligence; (2) negligence per se for failing to comply with Ohio's Building Code; and (3) premises liability (failing to reasonably inspect automatic door; failing to reasonably maintain automatic door; failing to adequately warn of the dangerous condition; causing the automatic door to remain in disrepair),

{¶6} Separate and distinct from her individual claims, appellant sought declaratory and injunctive class relief against every Marc's store owned or operated by appellee based upon appellee's policies and practices that allegedly ignore the Ohio Building Code's minimum safety standards, AAADM's recommended procedures, and the manufacturer's safety protocols. Appellant sought to assert claims for declaratory and injunctive relief under Civil Rule 23(B)(2) for the following class: "all individuals who purchased any product at a Marc's Discount Drug Store and Grocery retail outlet after September 21, 2021."

{¶7} Upon motion by appellee, the trial court stayed class discovery on October 31, 2023, finding "the needs of the parties and the Court are best served by staying further class discovery pending the outcome of dispositive motions on Plaintiff's underlying claims."

{¶8} Appellant filed a motion for leave to file an amended complaint on November 14, 2023, seeking to "narrow the issues contained in the complaint," and add

a claim against appellee for intentional destruction of evidence because, six months after the incident, Cleveland Door replaced the panic switch on the Door and, nine months after the incident, Cleveland Door replaced the controller on the Door. The trial court granted the motion in part and denied the motion in part, allowing appellant to amend the complaint to narrow the issues, but denying the request to add a spoliation claim.

{¶9} Appellant also filed a motion for class certification to certify the following class, "all individuals who used an automatic door to enter a Marc's Discount Drug Store and Grocery retail outlet to purchase a product by check or credit card after September 21, 2021." Appellant essentially argued the trial court committed error in staying class discovery, and sought to convince the trial court to decide the motion to certify before resolving her individual claim. In response, appellee filed a motion to hold the motion for class certification in abeyance pending the resolution of dispositive motions on appellant's individual claims. The trial court granted appellee's motion to hold the motion for class certification in abeyance.

{¶10} After the trial court denied appellant's motion to amend to add a spoliation claim, she filed a motion for sanctions for spoliation of evidence pursuant to Civil Rule 37 because appellee replaced Door components on March 18, 2022, June 20, 2022, and August 8, 2022. In her motion, appellant sought an "adverse jury instruction allowing jurors to infer that the missing evidence is unfavorable to the party who failed to preserve it," and a "judicial declaration for purposes of summary judgment" that the spoliation of evidence "confirms the existence of material factual questions on the elements of negligence, notice, and foreseeability that preclude dismissing [appellant's] premises

liability claim as a matter of law." Appellee filed a brief in opposition to the motion for sanctions on January 26, 2024.

{¶11} Appellee filed its motion for summary judgment on February 16, 2024. Attached to appellee's motion for summary judgment are the affidavits of Paul Bloom ("Bloom"), assistant manager at the store on the day of the incident, Loay Hampton ("Hampton"), the manager of the store at the time of the incident, Donald Meuser ("Meuser"), owner of Cleveland Door, and Adams. Appellee also attached the affidavit and expert report of Paul Dorothy. Additionally, appellee attached deposition transcripts of the depositions of Mark Hartkop ("Hartkop"), the Vice President of Marc's, and appellant.

{¶12} Bloom averred: prior to September 22, 2021, appellee had no prior issues with the Door since the last time work was performed; Cleveland Door replaced the controller for the Door on June 1, 2021; there were no problems with the Door suddenly closing, acting abnormally, or striking customers prior to September 21, 2021; when he opened the store that day, he walked around and completed an inspection of the perimeter prior to opening, which included a visual inspection of the doors as well as walking through each door testing the activation and safety mats to ensure they were working properly; nothing appeared to be wrong with any of the automatic doors on September 22, 2021; on the day after the incident, he accompanied Adams from Cleveland Door who inspected the doors for one hour and could find nothing wrong with the Door; and, when he left his employment with appellee in January of 2022, the automatic doors were all functioning normally at the Hartville store.

{¶13} Hampton stated: prior to September 22, 2021, appellee had no prior issues with the Door since work was last performed; no one from Marc's knew the Door had been pushed outwards in the incorrect position less than four minutes prior to appellant's fall; and appellant's daughter called the store and asked whether appellant was using her walker at the time of the incident.

{¶14} Meuser asserted Cleveland Door employs technicians who are certified safety inspectors for AAADM; and a complete safety check performed by Cleveland Door includes inspection of the activation mat, all safety devices, and the door panic function, including checking the panic switch. Meuser confirmed the Cleveland Door work order after the September 23, 2021, inspection states, "all doors working properly."

{¶15} Adams stated: he inspected the Door on September 23, 2021; he was told there was an incident with the automatic doors; he completed a full safety check of the Door; the panic switch was not worn or malfunctioning; and, though he spent one hour repeatedly checking all the doors, he could not find anything wrong with any of the doors, including the first automatic door.

{¶16} Appellant filed a motion to strike summary judgment exhibits, seeking to strike portions of Dorothy's expert report. She argued the affidavits of both Meuser and Adams should be stricken due to timeliness issues. Appellant also filed a "motion for leave to file revised amended complaint" on March 1, 2024. Appellee filed memoranda in opposition to both motions.

{¶17} Appellant also filed her memorandum in opposition to the motion for summary judgment. In her affidavit in opposition to summary judgment, appellant stated, "when I saw the door appearing to move slowly outward as I approached the mat, I

assumed from past experience it was closing after another customer had entered the store." Further, that she was "unaware a previous customer had pushed the exterior entrance door outward shortly before [she] arrived." During her deposition, appellant testified she "walked in, and the door was coming shut, so somebody had just went in before me. And I went up, and the next thing I knew I was basically on the floor." Further, "I stepped on the mat, and then it started to open. And that's what it's always done, so I started through."

{¶18} Appellant attached to her opposition the expert report of Dr. Richard Hooper ("Hooper"). He inspected the door on December 18, 2023, over two years after the incident. Hooper reviewed service records for all 60 Marc's grocery stores from January 2019 to July of 2023, which totaled over 2,000 pages. Hooper stated there is no evidence Marc's conducts regular preventative maintenance or AAADM inspections on their doors. Hooper noted the doors at Marc's stores hit people six times before this incident, but acknowledged none of the incidents were at the Hartville store. Specifically, as to the Hartville store, Hooper stated service records showed the motor assembly on the Door was replaced on June 1, 2021, and the panic breakout latch was replaced six months after the incident on March 18, 2022. Hooper opined that industry standard preventative maintenance "would, more likely than not, have prevented the subject door's malfunction on September 22, 2021."

{¶19} The trial court issued a judgment entry on June 20, 2024. The trial court denied appellant's motion to strike, and denied appellant's motion for leave to file a "revised complaint," noting the motion was not filed until after the summary judgment motion was filed.

{¶20} The trial court also granted appellee's motion for summary judgment. As to appellant's negligence/premises liability claims, the trial court found as follows: appellee did not have a duty because appellant presented no evidence that appellee had actual or constructive knowledge of any alleged defect with the door; while appellant speculates that if appellee had performed a more thorough inspection, the undisputed evidence demonstrates that, immediately following the incident, an inspection did occur and no defect was discovered; the undisputed facts show appellee had no prior issues with the door since the last time work was performed on June 1, 2021; no employee of appellee had knowledge a customer had gone "out" through the "in" Door pushing the Door to an incorrect position toward the parking lot; the Door was only in the wrong position for less than four minutes; and the Door continued to be used without incident for many months.

{¶21} Specifically as to appellant's expert report, that trial court found the report does not create a genuine issue of material fact as to premises liability/negligence because: it is grounded in speculation and not admissible evidence; his speculation is directly contradicted by the undisputed observations of eyewitnesses who could find nothing wrong with the Door; this speculation requires the fact-finder to engage in impermissible inference-stacking; his opinion is only based on "because I said so"; speculation and unsupported conclusory assertions are not sufficient to meet appellant's burden to set forth specific facts to show a genuine issue of material fact; the affidavit merely provides a legal conclusion or unsupported factual assertions that are insufficient to create a genuine issue of material fact; and his report ignores the evidence that, upon examination of the Door immediately following the incident, an AAADM certified inspector conducted an inspection of the Door and could not find anything wrong. Finally, as to

negligence, the trial court found that, even if appellee did have a duty to appellant, that duty was obviated because the alleged danger posed by the Door was open and obvious.

{¶22} As to appellant's negligence per se claim based upon alleged violations of Ohio's Building Code, the trial court cited the Supreme Court of Ohio case specifically stating that violations of the Ohio Building Code are not negligence per se.

{¶23} Finally, the trial court addressed appellant's claims for declaratory judgment and injunctive relief. The court found there are no provisions in the Ohio Building Code that would allow a private citizen to assert a claim for injunctive relief to enforce the building code. Rather, these actions to enforce are to be initiated by the state, not private individuals. Similarly, the trial court found appellant is barred from seeking declaratory judgment to enforce the Ohio Building Code.

{¶24} Appellant appeals the judgment entries of the Stark County Court of Common Pleas and assigns the following as error:

{¶25} "I. THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO APPELLEE ON APPELLANT'S INDIVIDUAL ACTION FOR PREMISES LIABILITY.

{¶26} II. THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO APPELLEE ON APPELLANT'S PUTATIVE CLASS ACTION FOR DECLARATORY AND INJUNCTIVE RELIEF.

{¶27} III. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION FOR SANCTIONS DUE TO APPELLEE'S SPOLIATION OF EVIDENCE.

**{¶28}** IV. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO STRIKE PORTIONS OF APPELLEE'S EXPERT REPORT AND TWO FACT AFFIDAVITS.

**{¶29}** V. THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE'S MOTION FOR PROTECTION ORDER AND STAY OF CLASS DISCOVERY.

**{¶30}** VI. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION FOR LEAVE TO REVISE HER AMENDED COMPLAINT."

I.

**{¶31}** In her first assignment of error, appellant argues the trial court committed error when it granted summary judgment to appellee on appellant's individual claim for premises liability. The trial court found appellee owed appellant no duty because the undisputed facts demonstrate that appellee had no notice of any alleged defect, and because the condition of the automatic door is open and obvious.

*Summary Judgment & Negligence Standards*

**{¶32}** Civil Rule 56 states, in pertinent part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds

can come to buy one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶33} A trial court should not enter summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning-Ferris Inds. of Ohio, Inc.*, 15 Ohio St.3d 321 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301 (6th Dist. 1999).

{¶34} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 2000-Ohio-186.

{¶35} To establish a cause of action for negligence, a plaintiff must demonstrate: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; and (3) the plaintiff suffered injury proximately caused by defendant's breach of duty. *Ball v. New Era Golf BT, Inc.*, 2022-Ohio-2125 (5th Dist.). The existence of a duty and the level of care that a defendant owes to a plaintiff is established by the plaintiff's relationship to the defendant. *Id.* In this case, there is no dispute appellant was a

business invitee. A property owner owes its business invitees a duty of ordinary care to maintain the premises in a reasonably safe condition and to warn of hidden dangers. *Id.*

*Duty & Notice*

{¶36} The determination of whether a duty exists is a question of law for the court to decide, and is therefore a suitable basis for summary judgment. *Keister v. Park Centre Lanes*, 3 Ohio App.3d 19 (5th Dist. 1981). In negligence cases, the foreseeability of an injury is the core of whether a duty is owed to the plaintiff. *Menifee v. Ohio Welding Prod., Inc.*, 15 Ohio St.3d 75 (1984). "Where negligence revolves around the question of the existence of a hazard or defect, the legal principle prevails that notice, either actual or constructive, of such hazard or defect is a prerequisite to the duty of reasonable care." *Heckert v. Patrick*, 15 Ohio St.3d 402, 405 (1984). "Notice may be actual or constructive, the distinction being the manner in which the notice is obtained rather than the amount of information contained." *Current v. Ohio Dept. of Rehab. & Corr.*, 2020-Ohio-1247, ¶ 8 (10th Dist.).

{¶37} Actual notice exists where information was personally communicated to or received by the party. *Id.* There is no dispute in this case that appellee did not have actual notice. "Constructive notice is that notice which the law regards as sufficient to give notice and is regarded as a substitute for actual notice." *Ball* at ¶ 27.

{¶38} The trial court found appellee had no constructive notice of the alleged hazard and thus, appellee did not owe a duty to appellant. Appellant contends the trial court committed error in this determination because appellee owed appellant an affirmative duty to perform preventative maintenance, consisting of yearly certified inspections, on the Door.

**{¶39}** Appellant equates the failure to perform preventative maintenance via regular yearly certified inspections to constructive notice of the alleged hazard, and asks this Court to infer that because preventative maintenance (in the form of yearly certified inspections) was not completed on the Door, the Door is an automatic danger to customers. We find this imposes an improper strict liability standard on business owners. *Vasquez-Cromer v. City of Toledo*, 2019-Ohio-5149 (6th Dist.). The Supreme Court of Ohio has held that a business owner is not an insurer of customers' safety. *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203 (1985). Further, there is no affirmative duty on the premises owner to inspect the premises to find prospective dangers. *Person-Thomas v. Quilliams-Noble Apts., LLC*, 2015-Ohio-4277 (8th Dist.).

**{¶40}** In this case, the Civil Rule 56 evidence demonstrates: the controller/motor on the Door was replaced three months before the incident; the store had no issues prior to September 22, 2021 with the Door since the controller/motor was replaced; the manager of the store did a visual inspection of the Door, walked through the Door, and tested the activation and mats the morning of September 22, 2021; an AAADM certified inspector inspected the Door the morning of September 23, 2021, could not find anything wrong with the Door and stated the panic switch was not worn or malfunctioning; and the Door continued to be used by thousands of patrons after the incident, for at least six months, without any repairs being necessary.

**{¶41}** Additionally, there is no evidence that any employee of appellee had knowledge that a customer, less than four minutes prior to appellant's reaching the Door, had gone "out" through the "in" Door, pushing the Door to an incorrect outward position. Upon our review of the video, we agree with the trial court that the video demonstrates a

customer went "out" the "in" Door, pushing the Door to an incorrect position, and the Door was in the incorrect position for a period of less than four minutes prior to appellant entering the store. Additionally, the video demonstrates that when appellant approached the Door, it is moving from the outward position, but appellant continues through the half-open door.

{¶42} Appellant also argues Hooper's report creates a genuine issue of material fact as to constructive notice. In his report, Hooper opines that appellee "should have known about the dangerous condition of the subject door prior to the incident" and "industry standard preventative maintenance would, more likely than not, have prevented the subject door's malfunction on 9/22/21." Hooper stated he based his conclusions on the following: appellee had service records of people being hit by doors; service records show appellee had reports of panic breakout latches failing prior to the incident; and appellee was not doing industry standard inspections designed to uncover safety issues with the Door. However, the instances of people being hit by doors prior to this incident did not occur at the Hartville store. Likewise, the reports of panic breakout latches failing prior to the incident were not specifically at the Hartville store.

{¶43} Hooper stated the service records indicated the Door was in "poor condition" at the time of the incident because the motor had to be replaced in June of 2021 and the panic latch was replaced in March of 2022. Hooper opined that an "industry standard inspection would more likely than not have identified issues with the door before the incident." However, we find this to be a conclusory and speculative assertion because the Door worked without incident for over three months after the motor was replaced in 2021 and worked for over six months without incident before the panic latch was replaced

in 2022. Likewise, Hooper's statement that appellee "should have known" about the alleged hazard of the Door because they were not doing industry standard inspections designed to uncover safety issues, is an unsupported legal conclusion. In fact, Hooper completely omits from his report the fact that a certified inspection was completed on September 23, 2021, and the Door was found to be working correctly, with no issues.

**{¶44}** Conclusory affidavits that merely provide legal conclusions or unsupported factual assertions are not proper under Civil Rule 56. *Moore v. Smith*, 2008-Ohio-7004 (4th Dist.). Similarly, "mere speculation" is not sufficient to meet the non-movant's burden under Civil Rule 56. *Bank of New York Mellon v. Bobo*, 2015-Ohio-4601 (4th Dist.); *Hanthorn v. Ottawa Cty. Agricultural Soc.*, 2009-Ohio-1465 (6th Dist.) (expert report stating defendant "should have known" of danger is highly speculative opinion which fails to create a genuine issue of material fact as to constructive notice); *Hollowell v. Aplis*, 2014-Ohio-1084 (8th Dist.) (expert report stating stairs did not meet housing code not sufficient to create genuine issue of material fact on constructive notice); *Carson v. Terrah X. Corp.*, 2007-Ohio-7030 (9th Dist.) (conclusory allegations that defendant knew or should have known insufficient to overcome motion for summary judgment); *White v. Wal-Mart Stores, Inc.*, 1999 WL 318367 (2nd Dist.); *Fraley v. Ohio Dept. of Rehab. & Corr.*, 2019-Ohio-2804 (10th Dist.).

**{¶45}** Based on our review of Hooper's report, the evidence of negligence is merely speculative and/or he makes conclusory allegations. Thus, this report does not demonstrate there is a genuine issue of material fact regarding whether appellee had constructive notice, and, accordingly, fails to establish a genuine issue of material fact as to the duty element of negligence.

{¶46} We find the cases cited by appellant to be distinguishable from the instant case, as they contain specific Civil Rule 56 evidence that demonstrated genuine issues of material fact as to the duty element, or utilize laws of states other than Ohio. *Smith v. Frederick C. Smith Clinic*, 2010-Ohio-4548 (3rd Dist.) (prior to the incident, a technician recommended the door sensors be upgraded and another incident similar to the plaintiff's occurred when some was knocked down by the same doors); *Chylinski v. Wal-Mart Stores, Inc.*, 150 F.3d 214 (2nd Cir. 1998) (applying Connecticut law, employees of store told plaintiff to stand in a certain spot before she was hit by the door); *Balistreri v. Richard E. Jacobs Group, Inc.*, 322 F.Supp.2d 972 (E.D. Wisconsin 2004) (applying Wisconsin law); *Force v. Richland Mem. Hosp.*, 471 S.E.2d 714 (Ct. Apps. S.C. 1996) (applying South Carolina law).

{¶47} Appellant also argues the granting of summary judgment impermissibly takes the case out of the hands of the jury. However, as detailed above, without a duty, there is no legal liability for negligence. *Person-Thomas*, 2015-Ohio-4277 (8th Dist.). The determination of whether a duty exists is a question of law for the court to decide, and is thus a suitable basis for summary judgment. *Id.* Additionally, though breach of duty is generally a question of fact, a jury "has no right to consider the question unless the evidence in the specific case allows the inference that a specific duty was breached. Otherwise, as a matter of law, plaintiff fails to clear the duty hurdle." *Keister* at 22.

{¶48} The trial court's conclusion as to the lack of foreseeability of the injury due to the lack of actual or constructive knowledge of any alleged defect with the Door is supported by the Rule 56 evidence. Thus, appellant fails to meet one of the required

elements of negligence (duty), and summary judgment on her premises liability/negligence claims is warranted.

*Res Ipsa Loquitur*

{¶49} Appellant contends the doctrine of res ipsa loquitur applies in this case to defeat appellee's motion for summary judgment. We disagree.

{¶50} Res ipsa loquitur is an evidentiary rule that permits, but does not require, a jury to draw an inference of negligence from circumstantial evidence. *Estate of Hall v. Akron Gen. Med. Ctr.*, 2010-Ohio-1041. The rule "originated by necessity when the true cause of an occurrence was known or could be determined by the defendant, but not the plaintiff." *Id.* at ¶ 16. The rule is most often utilized in cases involving "fallen objects, passenger common carriers, or other situations which presented a dangerous threat of serious injury or death." *Id*. at ¶ 19. We review de novo whether the doctrine of res ipsa loquitur applies. *Id.* at ¶ 26.

{¶51} In order to warrant the application of the doctrine, appellant must establish the following: (1) the instrumentality causing the injury was, at the time of the injury or at the time of the creation of the condition causing the injury, under the exclusive management and control of appellee; and (2) the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed. *Id.* at ¶ 27.

{¶52} "Ohio courts generally hold that a premises occupier will not be deemed to have exclusive control over an object where the public has access to it." *Hansen v. Wal-Mart Stores, Inc.*, 2008-Ohio-2477, ¶ 22 (4th Dist.). This Court has specifically addressed whether, when an automatic door slid shut on a store patron, res ipsa loquitur applies.

*Knox v. Bag-N-Save Foods*, 1999 WL 254518 (5th Dist.). We held that the automatic door was not under the exclusive management and control of the store owner because any store patron could have contacted the automatic door in such a manner as to cause it to malfunction. *Id.* Thus, res ipsa loquitur was not applicable *Id.* The video in this case clearly shows multiple store patrons having contact with the Door; thus, the first requirement for res ipsa loquitur is not met.

{¶53} Further, the Supreme Court of Ohio has stressed the rule of res ipsa loquitur should only be utilized when a defendant's negligence is the only reasonable inference from the facts. *Estate of Hall* at ¶ 35. Appellee's negligence is not the only reasonable inference from the facts in this case. Rather, there are other equally probable causes of injury not attributable to the negligence of appellee, such as the other patrons pushing the door in the wrong direction.

{¶54} Finally, the res ipsa loquitur doctrine is only applicable when it is an evidentiary necessity. *Snider v. Wal-Mart Stores, Inc.*, 664 Fed.Appx. 463 (6th Cir. 2016). In this case, no evidentiary necessity exists because there is a video of the incident. *Id.* The doctrine of res ipsa loquitur does not apply in this case to defeat appellee's motion for summary judgment.

*Open & Obvious*

{¶55} The trial court additionally found any duty was obviated because any alleged hazard was open and obvious. However, based upon our determinations that there is no duty as a matter of law and res ipsa loquitur does not apply, we find it is not necessary to determine whether the condition was open and obvious.

{¶56} Based on the foregoing, appellant's first assignment of error is overruled.

II.

{¶57} In her second assignment of error, appellant contends the trial court committed error when it granted appellee's motion for summary judgment on appellant's putative class action for declaratory and injunctive relief.

{¶58} In granting appellee's motion for summary judgment, the trial court found: the Ohio Building Code does not allow a private citizen to assert a claim for injunctive relief to enforce building codes; actions to abate a public nuisance based upon violations of building codes are to be initiated by the State, not private individuals; and appellant is barred from seeking a declaratory judgment and injunctive relief to enforce building codes either individually or on behalf of a class. Appellant argues reasonable minds could conclude appellee's continued refusal to implement a reasonable preventative maintenance program for their automatic doors poses a serious threat to every customer's safety.

{¶59} R.C. 2721.03 permits an individual to "have determined any question or construction or validity arising under the . . . statute, regulation . . . and obtain a declaration of rights, status, or other legal relations under it." "Declaratory relief is available to a plaintiff who can show that (1) a real controversy exists between the parties, (2) the controversy is justiciable, and (3) speedy relief is necessary to preserve the rights of the parties." *Moore v. Middletown*, 2012-Ohio-3897, ¶ 49.

{¶60} With regards to her request for declaratory relief, appellant contends she is seeking a declaration of the parties' rights and obligations, specifically, how the court construes R.C. Chapter 3781's relationship to Adm.Code Chapter 4101. However, appellant's amended complaint does not seek any declaration with respect to R.C.

Chapter 3781's relationship to or with Adm.Code 4101.  She likewise does not assert the statute or regulations are invalid or unconstitutional, and does not seek to clarify the statute or regulations.  Rather, appellant requests a declaration that, in violation of the Ohio Building Code, appellee's standardized business policies and practices systematically ignore BHMA A 156.10's standards, AAADM recommended procedures, and/or the manufacturer's safety protocols for maintaining automatic doors.

{¶61}  Appellant seeks a declaration that appellee violated Ohio's Building Codes by failing to: ensure a properly operating closing cycle, ensure a properly operating control unit, ensure a properly operating control mat, ensure a properly operating motor sensor, ensure a properly operating presence sensor, train personnel in the door's safe operation, undergo annual certified inspections, and conduct daily safety checks.  Courts "have uniformly held that actions for declaratory judgment and injunction are inappropriate where special statutory proceedings would be bypassed."  *State ex rel. Albright v. Court of Common Pleas of Delaware Cty.*, 60 Ohio St.3d 40, 42 (1991); *Galion v. Am. Fedn. of State, Cty. & Mun. Emp., Ohio Council 8, AFL-CIO, Local 2243*, 71 Ohio St.3d 620, 623 (1995); *Litsinger v. Rootstown Twp. Bd. of Trustees*, 2024-Ohio-781 (11th Dist.). "[W]here a special statutory method for the determination of a particular type of case has been provided, it is not proper to by-pass this statutory procedure by means of a declaratory judgment action."  *State ex rel. Iris Sales Co. v. Voinovich*, 43 Ohio App.2d 18, 19-20 (8th Dist. 1975).

{¶62}  The responsibility for enforcing Ohio's Building Code specifically with regard to the construction, arrangement, and erection of all buildings or parts of buildings, lies with the "superintendent of industrial compliance, or the building inspector or

commissioner of buildings in a municipal corporation, county, or township in which the building department is certified by the board of building standards under section 3781.10 of the Revised Code." R.C. 3781.03(B). Likewise, the enforcement of Ohio's Building Code via a proceeding to enjoin the construction, use, or occupation in a common pleas court is "instituted in the name of any department or officer mentioned in section 3781.03 of the Revised Code in the court of common pleas of the county in which said building is or will be situated." R.C. 3781.15.

{¶63} These special statutory proceedings would be circumvented if this Court permitted private litigants such as appellant to initiate and enforce alleged Ohio Building Code violations through a declaratory judgment action. While appellant cites Civil Rule 57 in support of her argument ("the existence of another remedy does not preclude a judgment for declaratory relief in cases where it is appropriate"), we find this reliance is misplaced because "although another adequate remedy exists, it should not be granted where a special statutory proceeding has been provided." *Katzenbach v. McClung*, 379 U.S. 294, 296 (1964).

{¶64} The Ohio Building Code does not provide for a private cause of action by appellant. See *Culbreath v. Golding Ents., L.L.C.*, 2007-Ohio-4278 (adopting plaintiff's view would grant private individuals a cause of action that the legislature has not authorized); *Baruk v. Heritage Club Homeowners' Assn.*, 2014-Ohio-1585 (12th Dist.) (private enforcement of zoning code by private residents could result in no uniformity at all). If we adopted appellant's argument, we would be expanding the Ohio Building Code in a manner that is not explicitly authorized. *Id.* Courts in Ohio have held that private parties may not institute private causes of action for violations of building codes. *Didier*

*v. Wilhelm Auto. Supply,* 1980 WL 352721 (2nd Dist.) ("perusal of Chapters 3781 and 3791 of the Revised Code amply demonstrate that actions to abate a public nuisance based upon violations of state building codes are to be instituted on behalf of the state . . . not by private individuals"); *Ohio Bell Telephone Co. v. R & R Internatl., Inc.*, 1987 WL 12615 (8th Dist.) (no private remedy for alleged violation of building ordinances, as these ordinances only permit the city to enforce its building code). Thus, this is not a controversy that is properly justiciable through declaratory judgment, and summary judgment on the claim for declaratory judgment was properly granted.

{¶65} As to appellant's claim for a mandatory injunction, "a mandatory injunction is an extraordinary remedy and the right thereto exists only when some fundamental or organic right already vested has been abridged, infringed upon, or eliminated." *Fairman v. Vecchione*, 1984 WL 6298 (11th Dist.). Appellant seeks a mandatory injunction to bring appellee into substantial compliance with BHMA A 156.10 standards, AAADM safety procedures, to appoint class counsel to monitor appellee's implementation of the plan, and to verify substantial compliance with the plan. However, this claim for relief is not justiciable for the same reasons as set forth above in connection with declaratory judgment. *Albright*, 60 Ohio St.3d at 42 (action for injunction inappropriate where special statutory proceedings would be bypassed).

{¶66} Further, appellant argues she seeks a mandatory injunction to compel appellee to respond to an alleged clear legal duty. *State ex rel. Fenske v. McGovern*, 11 Ohio St.3d 129, 130 (1984). However, appellant has not pointed to any legal authority that imposes a "clear legal duty" on appellee to perform AAADM certified inspections, as what appellant seeks to enforce is a "recommendation" contained in an appendix to a

Builders Hardware Manufactures Association document. Thus, appellant cannot demonstrate any "clear legal duty" or "fundamental or organic right" that "has been abridged, infringed upon, or eliminated." *Fairman v. Vecchione*, 1984 WL 6298 (11th Dist.).

{¶67} Appellant contends she is not seeking to enforce the Ohio Building Code and/or to abate a nuisance. However, an examination of appellant's amended complaint demonstrates otherwise. Her amended complaint states the class members, "are specifically entitled to a judicial declaration that, in violation of Ohio's Building Code, Glassman's standardized policies and practices systemically ignore one or more of the following BHMA A 156.10 standards, AAADM recommended procedures, and/or the manufacturer's safety protocols for maintaining automatic doors in Marc's discount stores . . . ." Complaint at ¶ 114. The amended complaint also states, "granting declaratory judgment and injunctive relief requiring [appellee's] future compliance with the Ohio Building Code will provide relief to every member of the class at once." Complaint at ¶ 109.

{¶68} Finally, appellant contends she suffered a "special injury," or "special damages" thus exempting her from the general rule that a private individual cannot enforce a building code. If appellant has "special damages" or a "special injury," she clearly cannot meet the requirements for class certification because her claims are not typical of the claims of the class and she cannot fairly and adequately protect the interests of the class as required by Civil Rule 23(A).

{¶69} Appellant's second assignment of error is overruled.

III.

{¶70} In her third assignment of error, appellant contends the trial court erred when it denied her motion for sanctions due to appellee's alleged destruction of evidence. This assignment of error was set forth on the "Assignment of Error" page of appellant's brief; however, appellant did not include this assignment of error in the body of her appellate brief, or cite any legal authority in support of her argument. She states in her reply brief that she could not address the issue because this Court would not grant her motion for leave to file "an oversized [appellate] brief." The only mention of this assignment of error in her appellate brief is in Footnote 19, in which she states it was reversible error for the trial court to deny her motion to sanction appellee for spoliation because appellee "discarded the most critical objects in [appellant's] case despite counsel's repeated demands to preserve all relevant evidence."

{¶71} We find appellant's mention of her assignment error in a footnote with no citations to applicable law does not comply with Appellate Rule 16(A)(7). Thus, we may disregard this assignment of error. *Ogle v. Trustee of Ogle Irrevocable Tr.*, 2024-Ohio-2280 (5th Dist.).

{¶72} Even if we were to consider this assignment of error, we find no abuse of discretion in the trial court's denial of appellant's motion for sanctions. Civil Rule 37 affords trial courts with "broad discretion to impose sanctions upon a party who violates the rules governing the discovery process." *Curtin v. McCulley*, 2022-Ohio-2482 (5th Dist.). Accordingly, we review a denial of a motion for sanctions for the spoliation of evidence under an abuse of discretion standard. *Wentling v. David Motor Coach, Ltd.*, 2018-Ohio-1618 (5th Dist.).

{¶73} The trial court denied appellant's motion because there was no evidence appellee willfully destroyed the evidence (panic switch and controller) as required by the Supreme Court of Ohio in *Smith v. Howard Johnson Co., Inc.* 67 Ohio St.3d 28 (1993). We find no abuse of discretion in the trial court's determination. There is no evidence that appellant made "repeated requests" to preserve this evidence. Rather, counsel for appellant sent one general letter to appellee after the incident stating, "you are directed to preserve any and all relevant evidence."

{¶74} Further, the concept of "willfulness" in a spoliation claim contemplates an intentional and wrongful act, done with a bad motive, i.e., done intentionally with the specific intent to do something the law forbids. *Drawl v. Cornicelli*, 124 Ohio App.3d 562 (11th Dist. 1997). There is no evidence in the record that appellee intentionally disposed of the evidence with the specific intent to destroy. Rather, the evidence in the record demonstrates that appellee replaced the component parts in the ordinary course of business.

{¶75} Appellant's third assignment of error is overruled.

IV.

{¶76} In her fourth assignment of error, appellant argues the trial court erred when it denied her motion to strike portions of appellee's expert report and two affidavits. This assignment of error was set forth on the "Assignment of Error" page of appellant's brief. However, appellant did not include this assignment of error in the body of her appellate brief, or cite any legal authority in support of her argument. Appellant states in her reply brief that she could not address the issue because this Court would not grant her motion for leave to file "an oversized [appellate] brief." The only mention of this assignment of

error in her appellate brief is a sentence stating that the report submitted by appellee's expert disregards sound methodology, overlooks key facts, ignores latch mechanics, speculates, and the trial court erred in refusing to strike portions of his report. We find this does not comply with Appellate Rule 16(A)(7). Thus, we may disregard this assignment of error. *Ogle v. Trustee of Ogle Irrevocable Tr.*, 2024-Ohio-2280 (5th Dist.).

**{¶77}** However, even if we were to consider this assignment of error, we find no abuse of discretion by the trial court. The decision whether to grant or deny a motion to strike in the summary judgment context is governed by the abuse of discretion standard of review. *Thiemens v. Grange Mut. Cas. Co.*, 2013-Ohio-1643 (5th Dist.); *General Elec. Co. v. Joinder*, 522 U.S. 136 (1997). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983).

**{¶78}** We find the trial court did not abuse its discretion in denying the motion to strike portions of Dorothy's expert report at this stage of the case. Appellant did not seek to strike any portion of the report that appellee actually relied upon in its summary judgment motion. Further, neither the trial court, nor this Court, utilized Dorothy's report in its summary judgment determination.

**{¶79}** Appellant argued in her motion to strike that the affidavits of Meuser and Adams should be stricken because the witnesses were not timely identified by appellee. However, appellee identified "employees of Cleveland Door" in their initial disclosures in August of 2023. As soon as counsel for appellee located Adams (who the parties had difficultly locating), counsel supplemented the initial disclosures within one week, which was prior to the motion for summary judgment being filed. Further, the affidavit of Bloom,

the Marc's employee who witnessed Adams' inspection, provided much of the same information as was contained in the affidavit of Adams.

{¶80} Further, it is clear from the record that appellant was aware both Meuser and Adams were people with knowledge of the case, and she could have deposed them prior to the summary judgment briefing. As to Adams, correspondence from appellant's counsel in November of 2023 states he knew the technician that serviced the door no longer worked at Cleveland Door, so he would instead depose Meuser no later than December 8, 2023. On November 27, 2023, counsel for appellant changed his mind, and stated, "upon further reflection, the only deposition I need to take at this time is the 30(B)(5) deposition (of Hartkop)." Additionally, during Hartkop's deposition on December 11, 2023, he provided the name "Karl" to appellant's counsel. We thus find no abuse of discretion in the trial court's denial of the motion to strike the affidavits of Adams and Meuser.

{¶81} Appellant's fourth assignment of error is overruled.

V.

{¶82} In her fifth assignment of error, appellant contends the trial court committed error when it granted appellee's motion for protection order and granted a stay of the class discovery because this discovery "may show" that appellee is not conducting preventative maintenance, that appellee's automatic doors exceed their useful life, and the components were replaced frequently.

{¶83} A trial court's decision to grant a stay of discovery pending the resolution of a dispositive motion is reviewed for an abuse of discretion. *Battle v. Favreau*, 2015-Ohio-5106 (5th Dist.). Additionally, questions concerning discovery about the presence or

absence of the class action requirements contained in Civil Rule 23(A) and (B) are reviewed under an abuse of discretion standard. *Capital One Bank (USA), N.A. v. Reese*, 2015-Ohio-4023 (11th Dist.).

{¶84} The trial court found the "needs of the parties and the Court are best served by staying further class discovery pending the outcome of dispositive motions on Plaintiff's underlying claims." We find the decision of the trial court was reasonable, and not an abuse of discretion. Appellee produced over 2,220 pages of discovery to appellant. Further, the determination as to whether appellant has standing to assert the class claims is a legal determination, not a factual determination requiring factual discovery.

{¶85} Appellant's fifth assignment of error is overruled.

VI.

{¶86} Appellant's Sixth Assignment of Error was set forth on the "Assignment of Error" page of appellant's brief; however, appellant did not include this assignment of error in the body of her appellate brief. She states in her reply brief that she could not address the issue because this Court would not grant her motion for leave to file "an oversized brief." The only mention of this assignment of error is in Footnote 18, in which appellant briefly argues "denying leave to revise the amended complaint was reversible error." Accordingly, appellant's brief does not comply with Appellate Rule 16(A)(7), and we may disregard this assignment of error. *Ogle*, 2024-Ohio-2280 (5th Dist.).

{¶87} However, even if we address this assignment of error, we find no abuse of discretion. The decision to allow a party leave to amend a complaint will not be reversed absent an abuse of discretion. *Hoover v. Sumlin*, 12 Ohio St.3d 1 (1984). Appellant

argues the revision of the complaint was not prejudicial to appellee because it did not add a new theory of recovery.

{¶88} We disagree with appellant. The trial court had already permitted appellant to partially amend her complaint. By the time appellant filed her motion for leave, the case had been pending for over ten months, the case went to mediation, and appellee had filed its motion for summary judgment. Further, in her motion to amend, appellant stated she sought to amend to "streamline class claims" and "confirm there are genuine issues of material fact" which would preclude summary judgment. However, this Court has found, "an attempt to amend a complaint following the filing of a motion for summary judgment raises the specture of prejudice." *Wilson v. Mercy Med. Ctr.*, 2015 WL 5664500, *3 (5th Dist.); *Lipchak v. Chevington Woods Civic Assn., Inc.*, 2015-Ohio-263 (5th Dist.) (no abuse of discretion in denying motion to amend when motion for summary judgment filed); *Hanick v. Ferrara*, 2020-Ohio-5019 (7th Dist.) (no abuse of discretion when motion to amend filed shortly before motion for summary judgment due).

{¶89} Appellant's sixth assignment of error is overruled.

**{¶90}** Based on the foregoing, appellant's assignments of error are overruled. The judgment entries of the Stark County Court of Common Pleas are affirmed.

By Popham, J.,

King, P.J., and

Montgomery, J., concur